51
55

**FILED**

AUG 1 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2  Name    **WILLIAMS GERRY D.**

3       (Last)                    (First)

4  Prisoner Number _____ **D-77087** _____

5  Institutional Address **P.O. BOX 1050, SALINAS VALLEY STATE PRISON,**
   **SOLEDAD, CALIFORNIA 93960-1050.**

6

7              UNITED STATES DISTRICT COURT
               NORTHERN DISTRICT OF CALIFORNIA

8  **GERRY WILLIAMS,**
9  (Enter the full name of plaintiff in this action.)    **CV**  **08**  **3907**
                                                              Case No.
10              vs.                                     (To be provided by the Clerk of Court)
                                                              **SI**
11 **SERGEANT R.METCALFE,**
                                                     COMPLAINT UNDER THE
12 **C/O THANN**                                      CIVIL RIGHTS ACT,
                                                     Title 42 U.S.C § 1983
13 **S.SAMPAOLO,**                          E-filing                        **(PR)**

14 **T.MILLER.**
15 (Enter the full name of the defendant(s) in this action)

16 *[All questions on this complaint form must be answered in order for your action to proceed..]*

17 I.   Exhaustion of Administrative Remedies.

18      [**Note:** You must exhaust your administrative remedies before your claim can go

19      forward. The court will dismiss any unexhausted claims.]

20      A.   Place of present confinement **SALINAS VALLEY STATE PRISON**

21      B.   Is there a grievance procedure in this institution?

22                YES (**x**)      NO ( )

23      C.   Did you present the facts in your complaint for review through the grievance

24           procedure?

25                YES (**x**)      NO ( )

26      D.   If your answer is YES, list the appeal number and the date and result of the

27           appeal at each level of review. If you did not pursue a certain level of appeal,

28           explain why.

                                **(1)**

COMPLAINT                          - 1 -

1    1. Informal appeal _SVSP-07-02778/6-17-07/BYPASSED
2    SVSP-07-03394/7-17-07/BYPASSED/SVSP-07-02881/6-19-07/BYPASSED.

3
4    2. First formal level___ SVSP-07-02778/8-2-07/PARTIALLY GRANTED
5    SVSP-07-033794/9-13-07/PARTIALLY GRANTED
6    SVSP-07-02881/7-2-07/PARTIALLY GRANTED
7    3. Second formal level_ SVSP-07-02778/8-18-07/PARTIALLY GRANTED
8    SVSP-07-03394/9-27-07/ PARTIALLY GRANTED
9    SVSP-07-02881/9-30-07/PARTIALLY GRANTED
10    4. Third formal level ___ SVSP-07-02778/10-2-07/DENIED
11    SVSP-07-03394/10-17-07/DENIED
12    SVSP-07-02881/10-30-07/DENIED

13    E.    Is the last level to which you appealed the highest level of appeal available to
14    you?
15         YES ( x )    NO ( )
16    F.    If you did not present your claim for review through the grievance procedure,
17    explain why._ ALL CLAIMS WERE EXHAUSTED AT THE THIRD LEVEL OF
     GRIEVANCE PROCEDURE.    SEE EXHIBIT "B" "C" AND "D" ATTACHED.
18
19
20    II.    Parties.
21    A.    Write your name and your present address. Do the same for additional plaintiffs,
22    if any.
23         SEE PARTIES AT PAGE #4
24
25
26    B.    Write the full name of each defendant, his or her official position, and his or her
27    place of employment.
28         SEE PARTIES AT PAGE #4

(2)

1

2

3

4

5   III.    Statement of Claim.

6          State here as briefly as possible the facts of your case. Be sure to describe how each

7   defendant is involved and to include dates, when possible. Do not give any legal arguments or

8   cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9   separate numbered paragraph.

10          **SEE STATEMENT CALIMS AT GENERAL ALLEGATIONS ON NEXT PAGE #5**

11

12

13

14

15

16

17

18

19

20

21

22

23   IV.    Relief.

24          Your complaint cannot go forward unless you request specific relief. State briefly exactl

25   what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26          **SEE RELIEF REQUESTED ON ATTACHED SHEET AT PAGE #13**

27

28

(3)

## PRELIMINARY STATEMENTS

This is a civil rights action filed by **Gerry Williams**, a State prisoner, for damages under 42 U.S.C. §1983, alleging failure to Protect From The Assault By Other Inmates in violation of the Eighth Amendment to the United States Constitution, and Retaliation against Plaintiff for Filing A Government Claim, in violation of the First Amendment to the United States Constitution.

## JURISDICTION

1.  This Court has juridiction over the Plaintiff's claims of violation of Federal Constitutional rights under 42 U.S.C.§§1331(a) and 1343.

2.  The Court has supplemental juridiction over the Plaintiff's State Law Tort Claims under 28 U.S.C. §1367.

## PARTIES

3.  At all times herein mentioned Plaintiff was, and now is, a resident of Salinas Valley State Prison, at Soledad, California.

4.  Plaintiff is informed and believes and based thereon alleges that Defendant R.Metcalfe is presently, and at all times as herein mentioned below was, employed at Salinas Valley State Prison, in Soledad, California.  He is sued in his individual capacity.

5.  Plaintiff is informed and believes and based thereon alleges that Defendant C/O Thann, is presently, and at all times as herein mentioned below was, employed at Salinas Valley state Prison,in soledad, California.  He is sued in his individual capacity.

6.   Plaintiff is informed and believes and based thereon alleges
that Defendant S.Sampaolo, is presently, and at all times as herein
mentioned below was, employed at Salinas Valley State Prison, in
soledad, California.  He is sued in his individual capacity.

7.   Plaintiff is informed and believes and based thereon alleges
that Defendant T.Miller, is presently, and at all times as herein
mentioned below was, employed at Salinas Valley State Prison, in
soledad, California.  He is sued in his individual capacity.

## GENERAL ALLEGATIONS

8.   On June 27, 2007, Sunday night and again June 28,2007, Monday
morning, Plaintiff and his cellmate, Inmate (Dooley,H-08450) had a
cell fight where Plaintiff's cellmate Dooley attempted to rape the
Plaintiff.

9.   On Monday morning, June 28,2007, Plaintiff went to Defendant
S.Sampaolo, the Delta-7 Floor Officer and reported the incident.
Defendant S.Sampaolo moved inmate Dooley out of the cell to cell
207, placing him in the upper-tier shower until the CDC #154 cell-
move was approved.

10.  At about 1600 Hrs. Defendant C/O Thann and C/O Sandoval attempted
to place inmate Dooley back in Plaintiff's cell.  Defendant Thann
opened Plaintiff's cell door and inmate Dooley came into the door
and punched Plaintiff in the chinn.

11.  Prior to this incident, at approximately 2:35 P.M. Defendant
R.Metcalfe came into the housing unit and Plaintiff requested that
either inmate Dooley be moved out of the building or that Plaintiff
beplaced on A-yard, the Sensitive Needs Yard(SNY) as Plaintiff was

(5)

already assigned to that Yard.

12.  Plaintiff told Defendant R.Metcalfe that inmate Dooley was plaining to attack him.  Defendant R.Metcalfe stated:"I don't care if you kill each other, you just better not do it on my watch. anyway, inmate Dooley is due to be paroled on May 31,2007, so its no need to move you to another yard."

13.  When Defendant Thann came to work at third watch(2:00 P.M.) inmate Dooley was in the upper tier shower waiting for his cell move to clear.  Defendant Thann opened the shower and let inmate Dooley out and made him sit at a table in the Dayroom to wait for his cell move to clear.

14.  Defendant Thann knew that by reason of the fact that inmate Dooley was in the shower pending a cell move(CDC 154) to clear, something had happened between he and his celly, or he should have drawn the inference.

15.  Whenever an inmate is placed in the shower, pending a cell move, something is going on between he and his cellmate. Defendant Thann knew this, yet, he attempted to place inmate Dooley back in the cell with the Plaintiff, breaching his duty of protection to the Plaintiff.

16.  Defendant S.Sampaolo moved inmate Dooley out of the cell with Plaintiff because of the attempted rape and cell fight, but failed to report the incident to his supervisor and the third watch officers which constitutes deliberate indifference to plaintiff's saftey.  Defendant S.Sampaolo failed to take reasonable measures to guarantee Plaintiff's safety.  As a result,

(6)

Plaintiff was injured.

17.  After inmate Dooley assaulted the Plaintiff again, Defendant R.Metcalfe attempted to sweep it under the rug by fialing to document inmate Dooley's misconduct on a rule Violation Report (RVR #115) for battery on an inmate.  When Plaintiff was in the holding cage next to the office in Delta-7, Plaintiff heard Defendant R.Metcalfe tell C/O Sandoval, C/O Scott, and Defendant C/O Thann how to write their reports, incouraging tem to falsify their incident reports.

18.  Subsequently thereto, inmate Dooley concocted a lie that Plaintiff was selling his controlled medication. As a result, on June 29,2007, Plaintiff was placed in Administrative Segregation (Ad-Seg) for Possession Of Controlled Medication For Distribution.

19.  Upon being placed in Ad-Seg, Defendant T.Miller immediately begain to reltalite against the Plaintiff for a prior California State board Claim which Plaintiff filed against him on or about June Of 2006, during a prior confinement to Ad-Seg(See Exhibit "A").

20.  As soon as Defendant T.Miller saw the Plaintiff in Ad-Seg he made some comments to Plaintiff about something his lawyer said about the Government Claim which Plaintiff filed against him.

21.  Plaintiff informed Defendant T.Miller that he didn't care what his lawyer said.  Soon after that, Defendant T.Miller started to retaliate against the Plaintiff.

(7)

21. On or about June 18,2007, at approximately 7:14 P.M.
C/O Cermeno and Defendant T.Miller came to Plaintiff's cell door
and told Plaintiff that C/O Cermeno was to be Plaintiff's Investi-
gative Employee(I.E.) on the Rule Violation Report (RVR) for
possession of the comtrolled medication.

22. Defendant T.Miller stated that he was teaching C/O Cermeno
how to be an I.E... Plaintiff attempted to explain to C/O Cermeno
that Plaintiff needed C/O Cermeno to interview several Correctional
Officers as witnesses.

23. Defendant T.Miller refused to allow C/O Cermeno to accept the
information Plaintiff tried to present to his witnesses. Based on
the fact that Defendant T.Miller refused Plaintiff's information,
Plaintiff told C/O Cermeno that he didn't want him as an I.E..
Then Defendant T.Miller stated:"You've lost your I.E., you don't
get one".

24. Defendant T.Miller denied, delayed, and interferred with
Plaintiff's I.E. in retaliation against Plaintiff because of the
prior Government Claim Plaintiff filed against him. As a result,
Plaintiff was unable to contact two of his witnesses in a timely
manner, pursuant to California Code of Regulations §3318.

25. Subsequently thereto, Defendant T.Miller retaliatory conduct
persist. On or about July 17,2007 during clothing exchange,
Defendant T.Miller purposefully issued Plaintiff dirty stinky
clothing which he got from another inmate during clothing exchange
at Ad-Seg.

26. The dirty stinky clothing stayed in Plaintiff's cell for
approximately six(6) days.

(8)

27. Plaintiff complained to all the Correctional Officers that the clothing were stinking up his cell but none of them would allow Plaintiff to exchange the clothing.

28. On Monday morning, July 23,2007, Plaintiff came out of his cell for a shower. Plaintiff pushed the dirty stinky clothing out of his cell with his foot because they were stinking up the cell.

29. C/O Machuca, the floor officer who was escorting the Plaintiff, pushed the dirty stinky clothing back into Plaintiff's cell.

30. Prior to discovering that the clothing was dirty, Plaintiff had put on the T-Shirt and Boxer Shorts. About an half hour later, Plaintiff was trying to discover where the stinky odor was coming from, and realized that the stinky odor he was smelling was the clothing he was wearing.

31. As a result of wearing the infested clothing, Plaintiff now suffers from some type of rash and bumps on his body and under his arms which is extremely plainful and irretating.

32. Prior to this event, Defendant T.Miller denied Plaintiff access to the exercise yard for five(5) days in a row. all in retaliation against Plaintiff for filing the Government Claim against him.

### CLAIM ONE

**FAILURE TO PROTECT PLAINTIFF FROM THE ASSAULT OF OTHER PRISONERS IN VIOLATION OF THE EIGHTH AMENDMENT'S CRUEL AND UNUSUAL PUNISHMENT CLAUSE UNDER THE UNITED STATES CONSTITUTION.**

(9)

33. Plaintiff is informed and believes and based thereon alleges that on June 28,2007, Defendants R.Metcalfe, Defendant C/O Thann, and Defendant S.Sampaolo, knowingly and willingly conspired and agreed amoung themselves to and did fail to protect the Plaintiff from the assault by inmate Dooley.

34. At approximately 2:35 P.M. Defendant R.Metcalfe came into Plaintiff's housing unit and Plaintiff requested to be move to another facility in order to aviod another confrontation with inmate Dooley.

35. Defendant R.Metcalfe stated:"I don't care if you kill each other, you just better not do it on my watch. Anyway, inmate Dooley is due to be paroled on May 31, so its no need to move you to another yard."

36. At approximately 1600 Hrs., Defendant C/O Thann attempted to place inmate Dooley back in the cell with Plaintiff causing Plaintiff sustain injury from the assault by inmate Dooley. Defendant C/O Thann opened Plaintiff's cell door and inmate Dooley came into the door and punched Plaintiff in the chinn.

37. As a proximate result of Defendant R.Metcalfe and each of them, and the facts herein alleged, Plaintiff was injured in his health, strength activity, sustaining injury to his body and mind, shock and injury to his nervous system and person, all of which injuries have caused Plaintiff to suffer extreme and severe physical and mental pain and anguish.

38. These injuries includes, but are not limited to, post-traumatic stree disorder which have resulted in permanent

(10)

psychological disability to the Plaintiff, all to his general
damages in a sum according to proof.

39. As a further proximate result of Defendant R.Metcalfe and
each of their actions and the facts herein alleged, Plaintiff
was required to and did seek physicians, psychologist, and counselors
for examination, treatment, and care of such injuries, and will
incur future medical, and incidential expenses for the care
and treatment of such injuries, the exact amount of which is
unknown at the present time.

## CLAIM TWO

### RETALIATION AGAINST PLAINTIFF FOR FILING A STATE GOVERNMENT CLAIM IN VIOLATION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION

40. Plaintiff hereby incorcorate by reference all of the paragraphs
of the General Allegations, Prargraph 33 through 39 of the First
cause of Action of this Complaint and make them a part of this
Second Cause of Action, as though fully set forth hereat.
41. Plaintiff is informed and believes and based thereon alleges
that on or obout June 18,2007, Defendant T.Miller knowingly
and willingly retaliated against the Plaintiff for filing a
California Government Claim against him during a prior confinement
in AD-Seg.

42. As a proximate result of Defendant T.Miller's retalitory
conduct and the facts herein alleged, Plaintiff was denied his
liberty interest pursuant to California Code of Regulations
Section 3318 (CCR§3318) created by the state and protected under

(11)

the Fourteenth Amendment Due Process Clause to have an I.E. question all staff and inmates who have relevant information, to screen those prospective witnesses, and submit a written report based on the information obtained, and provide to the inmate no less than 24 hours before a disciplinary hearing is held.

43. Defendant T.Miller's retaliatory conduct had a chiling effect upon Plaintiff's liberty interest in having a trained I.E. question and examine prospective witnesses that may have relevant information concerning the incident on the RVR.

44. Defendant T.Miller's actions infringed upon Plaintiff's forth Amendment right to adequately present his case before the senior hearing officer. Defendant T.Miller's decision to deny Plaintiff an I.E. in retaliation does not advance any penological interest and was not tailored narrowly enough to achive any legitimate penological goal.

45. Further, on or about July 17,2007, Defendant T.Miller issued Plaintiff dirty stinky clothing which he got from another inmate that has a hygiene problem. As a result, Plaintiff now suffers from some knid of rash and bumps on his body and under his arms which is extremely painful and irretative.

46. Defendant T.Miller's conduct as hereinabove alleged, was despicable, and intended by Defendant T.Miller to cause injury to the Plaintiff, and was done by Defendant with a willful and conscious disregards of Plaintiff's rights, and was comprised of, in part, intentional misrepresentation, falsehood, and/or concealment of material facts by Defendant, calulated to deprive Plaintiff of

(12)

legal rights, or to otherwise cause injury such as to constitute
malice, fraud/or oppression under California Civil Code §3294,
entitling Plaintiff to punitive damages in an amount appropriate
to punishment or to set an example of Defendant.

## CLAIM FOR RELIEF

1. The action of Defendant R.Metcalfe, C/O Thann, and S.Sampaolo
in failing to protect Plaintiff from assault by inmate Dooley,
which was done maliciously and sadistically and constituted
cruel and unusual punishment in violation of the Eighth Amendment
to the United States Constitution.

2. The action of Defendant T.Miller in retaliating against
Plaintiff for filing a Government Claim which denied Plaintiff Due
Process of law in violation of the First Amendment to the United
States Constitution.

## RELIEF REQUESTED

Wherefore, Plaintiff requests that this Court grant the
following relief:

A. Award Compensatory Damages in the Following Amounts:

1. $1.000,000 jointly and severally against Defendants
R.Metcalfe, C/O Thann, and S.Sampaolo for physical and emotional
injuries sustained as a result of the failure to protect the
Plaintiff from the assault by inmate Dooley.

2. $500,000 against Defendant T.Miller for retaliating against
Plaintiff for filing a Government Claim.

(13)

B.    Award Punitive Damages in the following amounts:

1.    $50.000 against Defendant R.Metcalfe, C/O Thann, and S.Sampaolo.

2.    $50.000 against Defendant T.Miller.

C.    Grant such other relief as it may appear that Plaintiff is entitled.

DATED: _____7/20/_____ ,2008

/s/ _Gerry Williams_

GERRY WILLIAMS/PLAINTIFF/IN PRO SE

(14)

1

2

3

4

5    I declare under penalty of perjury that the foregoing is true and correct.

6

7    Signed this ___20TH___ day of __JULY,_____, 2008_____

8

9    _Kerry Williams_____

10                                        (Plaintiffs signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                              (15)

EXHibiT    "A"

EXHibiT    "A"

EXHibiT    "A"





STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

VICTIM COMPENSATION AND GOVERNMENT CLAIMS BOARD
GOVERNMENT CLAIMS PROGRAM ♦ 400 R Street, Suite 500 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Gerry Dwayne Williams D77087
P O Box 1050
Soledad, CA  93960

January 24, 2007

RE:  Claim G560199 for Gerry Dwayne Williams, D77087
      Tort claim for CDC Inmates, General/Punitive Damages

Dear Gerry Williams,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on May 12, 2006.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda.  The VCGCB will act on your claim at the February 22, 2007 hearing. You do not need to appear at this hearing. The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G560199 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

       Ltr 99 Complex Issue Reject



STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson
JOHN CHIANG
State Controller
Board Member
MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member
KAREN McGAGIN
Executive Officer

Gerry Dwayne Williams D77087
P O Box 1050
Soledad, CA  93960

March 2, 2007

RE:  Claim G560199 for Gerry Dwayne Williams, D77087

Dear Gerry Williams,

The Victim Compensation and Government Claims Board rejected your claim at its hearing on
February 22, 2007.

If you have questions about this matter, please mention letter reference 123 and claim number G560199 when
you call or write your claim technician or analyst at (800) 955-0045.

Sincerely,

Linda Paluda,  Program Manager
Government Claims Division
Victim Compensation and Government Claims Board

cc:  B-23 Corrections and Rehabilitation, Attn: Donna Corbin

Warning

Subject to certain exceptions, you have only six months from the date this notice was personally delivered or
deposited in the mail to file a court action on this claim.   See Government Code Section 945.6. You may seek
the advice of an attorney of your choice in connection with this matter. If you desire to consult an attorney, you
should do so immediately.  PLEASE CONSULT GOVERNMENT CODE SECTION 955.4 FOR PROPER
SERVICE OF SUMMONS AND COMPLAINT.

Ltr 123 Claim Rejection

EXHibiT "B"

EXHibiT "B"

EXHibiT "B"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:    JAN 0 7 2008

In re:    Gerry Williams, D77087
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0710314          Local Log No.: SVSP-07-02778

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner S. Wright, Facility Captain. All submitted documentation and supporting arguments of the parties have been considered.

**I    APPELLANT'S ARGUMENT:** It is the appellant's position that on May 27, 2007 and May 28, 2007, he and his cellmate inmate Dooley H-08450 had been involved in a physical altercation. During the altercation the appellant alleges that inmate Dooley attempted to rape him. The appellant claims he informed Correctional Officer (CO) Sampaolo of the incident and he and inmate Dooley were separated. The appellant alleges that during Third watch, CO's Thann and Sandoval attempted to re-house inmate Dooley with him, causing a subsequent physical altercation. The appellant requests that CO Thann, Correctional Sergeant (Sgt.) Metcalfe, Correctional Lieutenant Caplan and Correctional Captain (Capt.) Rankin be reprimanded for violation of his rights. The appellant also requests $1,000.00 for pain and suffering.

**II    SECOND LEVEL'S DECISION:** The reviewer found the appellant was interviewed on July 13, 2007, by Capt. G. Ponder. A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review, the appellant's appeal has been processed as a Staff Complaint Appeal Inquiry. The following witnesses were questioned: Sgt. Metcalfe, CO Sampaolo, D. Sandoval, and Thann. The following information was reviewed as a result of the appellant's allegations of staff misconduct: Facility "D-7" Floor Logbook, Facility "D-7" Control Logbook, and Sgt's. Logbook, Sign in Sheets dated May 27, 2007, for Facility "D," CDC Form 837, Incident/Crime Report dated May 31, 2007, authored by Sgt. Metcalfe (SVP-FD7-07-05-0364), CDC128-B dated May 27, 2007, authored by Sgt. Metcalfe, Memorandum dated May 27, 2007, authored by Sgt. Metcalfe, two confidential memorandums dated May 29, 2007, and May 31, 2007, authored by Sgt. Metcalfe, CDC Form 7219, Medical Report of Injury or Unusual Occurrence dated May 27, 2007, May 29, 2007 and May 30, 2007 for the appellant and the CDC 7219 dated May 27, 2007, for inmate Dooley. The appeal was granted in part at the Second Level of Review (SLR).

**III    DIRECTOR'S LEVEL DECISION:** Appeal is denied.

**A.    FINDINGS:** Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by the administrative staff and an appeal inquiry has been completed at the SLR.

In event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. However, upon completion of final review, or culmination of an appeal inquiry, the appellant is to be notified by the respective staff that an inquiry has been completed. On November 30, 2007, the examiner reviewed the related confidential appeal inquiry report and verified that developed information supports the reviewer's conclusion. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. Relief at the Director's Level of Review is not warranted.

**B.    BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8

GERRY WILLIAMS, D77087
CASE NO. 0710314
PAGE 2

      California Code of Regulations, Title 15, Section: 3001, 3004, 3005, 3084.1, 3268, 3380, 3391
      Administrative Bulletin 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC
      FORM 602, WHICH ALLEGE STAFF MISCONDUCT

      **C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR. If dissatisfied, the
appellant may forward this issue to the California Victims Compensation and Government Claims Board,
(formerly known as the State Board of Control), Government Claims Unit, P.O. Box 3035, Sacramento, CA
95812-3035, for further review.



N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
        Appeals Coordinator, SVSP

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region
1: ~~CSA·D·07~~    Log No. 1: ~~02776~~

2: _____    2: _____

Category ~~7~~ 2nd

~~CSA  1st~~

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| Williams. G. | D-77087 | N/A | D1-117-C |

A. Discuss Problem: PLEASE TAKE NOTICE THAT ON 5-27-07, SUNDAY NIGHT AND 5-28-07, MONDAY MORNING SUBJECT AND HIS CELL-MATE HAD A CELL FIGHT WHERE SUBJECT'S CELL MATE ATTEMPTED TO RAPE SUBJECT. MONDAY MORNING SUBJECT WENT TO C/O SAMPAOLO, THE DELTA-7 FLOOR OFFICER AND REPORTED THE INCIDENT. C/O SAMPAOLO MOVED SUBJECT'S CELLY-MATE I/M DOOLEY (H05450) OUT OF THE CELL TO ANOTHER CELL, PLACED HIM IN THE SHOWER UNTIL THE CDC # 154 CELL MOVE WAS APPROVED. ABOUT 1600 HRS. THE CONTROL BOOTH OFFICER C/O THAN, AND C/O SANDOVAL ATTEMPTED TO PLACED I/M DOOLEY BACK IN SUBJECT'S CELL.

If you need more space, attach on additional sheet. (( SEE ATTACHED SHEET ))

A. Action requested: IT IS THUS REQUEST THAT C/O THAN, SGT. ~~METCALF~~ METCALFE, LT. CAPLAN AND CAPTAIN RANKIN BE REPRIMAND FOR VIOLATING SUBJECT'S RIGHT TO SAFETY, AND THAT SUBJECT BE AWARDED $1,000 FOR HIS PAIN AND SUFFERING.

RECEIVED JUN 21 2007

Inmate/Parolee Signature: _Gerry Williams_    Date Submitted: 6-19-07

B. INFORMAL LEVEL (Date Received _____ )
Staff Response: _____

_____

_____

_____

BYPASS

INITIAL APPEALS BRANCH   RECEIVED OCT -5 2007

Staff Signature: _____    Date Returned to Inmate: _____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for procession within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control Form BC-1E, Inmate Claim

CDC Appeal Number:



First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other _____

E.    REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____    Due Date: __2/12/07__

Interviewed SYSP INMATE APPEALS OFFICE    ADMCAREO
RECEIVED COMPLETED RESPONSE ON

AUG 02 2007

1ST LVL ☑    2ND LVL ☐

DELIVERED AUG 16 2007

Staff Signature: _____    Title: _____    Date Completed: _____
Division Head Approved: _____    Returned
Signature: _____    Title: __bw__    Date to Inmate: _____

F.    If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 of days of receipt of response.

DISSATISFIED: C/O SAMPAOLO KNEW THAT SUBJECT HAD ALREADY BEEN ASSAULTED by I/m DOOLEY bECAUSE AT AbOUT 11:00 Am. SUbJECT WENT To C/O SAMPAOLO AND ASKED HIM To MOVE I/m DOOLEY oUT OF THE CELL bECAUSE oF TWo PRIOR INCIDENTS, C/o SAMPAOLo FAILED ( SEC. "F" CONTINUE ON NEXT PAGE )

Signature: _Kerry Williams_    REC'D AUG 20 2007    Date Submitted: 08-18-07

Second Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other

G.    REVIEWER'S ACTION (Complete within 10 working days): Date assigned: 8·17·07    Due Date: 9·17·07
☑ See Attached Letter

Signature: _____    Date Completed: 9-14-0·

Warden/Superintendent Signature: _____    CDW(A)    Date Returned to Inmate: _____

H.    If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DISSATISFIED: SGT. METCALFE KNEW OR SHOULD HAVE KNOWN THAT INMATE DOOLEY IS A VERY VIOLENT INMATE bASED ON HIS PRIOR PRISON RECORD. FURTHER, HE KNEW OR SHOULD HAVE KNOWN THAT bASED ON THE RECORD, SUbJECT HAS bEEN THE VICTIM OF MANY INMATE ASSAULTS. HE AND HIS STAFF MEMbERS FAILED To ACT REASONAbLY IN THE FACE OF A PERVASIVE RISK.

Signature: _Kerry Williams_    Date Submitted: 10-2-07

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☑ Denied    ☐ Other _____
☑ See Attached Letter

Date: JAN 07 2008

CDC 602 (12/87)

(CONTINUE FROM DESCRIBE PROBLEM)

C/O THAN OPENED SUBJECT'S DOOR AND INMATE DOOLEY CAME INTO
THE DOOR AND PUNCHED SUBJECT IN THE CHINN.  C/O THAN,
SGT. METCALFE LT. CAPLAN AND CAPTAIN RANKIN ARE IN
VIOLATION OF SUBJECT'S TO SAFETY UNDER THE 8TH AMEND-
MENT TO THE U.S. CONSTITUTION FOR FAILURE TO PROTECT
FROM FURTHER ASSAULT AT THE HANDS OF INMATE DOOLEY EVEN
AFTER SUBJECT REQUESTED SUCH PROTECTION AFTER PREVIOUSLY
BEING ASSAULTED BY INMATE DOOLEY.

(CONTINUE FROM SECTION "F")

TO REPORT THE INCIDENT TO HIS SERGEANT AND THE THIRD WATCH OFFICERS CONSTITUTES DELIBERATE INDIFFERENCE TO SUBJECT'S SAFETY. CAPTAIN RANKINS, LT. CAPLAN, AND SGT. METCALFE FAILED TO PROPERLY TRAIN THEIR SUBORDINATES TO DEAL WITH THESE KIND OF SITUATIONS. PRISON OFFICIALS HAVE A DUTY TO PROTECT PRISONERS FROM VIOLENCE AT THE HANDS OF OTHER PRISONERS. C/O SAMPAOLO FAILED TO ACT TO SECURE SUBJECT'S SAFETY DESPITE HIS KNOWLEDGE OF A SUBSTANTIAL RISK OF SERIOUS HARM TO SUBJECT. BY FAILING TO INFORM HIS SERGEANT, AND THE THIRD WATCH OFFICERS, C/O SAMPAOLO FAILED TO TAKE REASONABLE MEASURES TO GUARANTEE SUBJECT'S SAFETY.

WHEN C/O THAN CAME TO WORK AT THIRD WATCH (2:00 P.M.) INMATE DOOLEY WAS IN THE UPPER TEIR SHOWER WAITING FOR HIS CELL MOVE TO CLEAR. C/O THANN OPENED THE SHOWER AND LET INMATE DOOLEY OUT AND MADE HIM SIT AT A TABLE IN THE DAYROOM TO WAIT FOR HIS CELL MOVE TO CLEAR. C/O THANN KNEW THAT BY REASON OF THE FACT THAT I/m DOOLEY WAS IN THE SHOWER PENDING A CELL MOVE (CDC# 154) TO CLEAR, SOMETHING HAD HAPPENED BETWEEN HE AND HIS CELLMATE, OR HE SHOULD HAVE DRAWN THE INFERENCE. WHENEVER AN INMATE IS PLACED IN THE SHOWER PENDING A CELL MOVE, SOMETHING IS GOING ON BETWEEN HE AND HIS CELLMATE. C/O THANN KNEW THIS, YET, HE ATTEMPTED TO PLACE INMATE DOOLEY BACK IN THE CELL WITH SUBJECT, THUS, BREACHING HIS DUTY OF PROTECTION TO SUBJECT.

AT APPROXIMATELY 2:35 P.M., SGT. METCALFE CAME INTO THE HOUSING UNIT AND SUBJECT REQUESTED THAT EITHER I/m DOOLEY BE MOVED OUT OF THE BUILDING OR THAT SUBJECT BE PLACED ON A-YARD, THE SENSITIVE NEED YARD (S N Y) AS SUBJECT WAS ALREADY ASSIGNED TO THAT YARD. SUBJECT TOLD SGT. METCALFE THAT I/m DOOLEY PLAIN TO ATTACK HIM. SGT. METCALFE STATE: "I DON'T CARE IF YOU GUYS KILL EACH OTHER, YOU JUST BETTER NOT DO IT ON MY WATCH." ANYWAY, I/m DOOLEY IS DUE TO BE PAROLE ON MAY 31, 2007, SO IT IS NO NEED TO MOVE YOU TO ANOTHER YARD."

(SEE NEXT PAGE)

IF SGT. METCALFE WOULD HAVE MOVED SUBJECT TO ANOTHER YARD UPON SUBJECT'S REQUEST, SUBJECT WOULD NOT HAVE BEEN ASSAULTED. AFTER I'm DOOLEY ASSAULTED SUBJECT AGAIN, SGT. METCALFE ATTEMPTED TO SWEEP IT UNDER THE RUG BY FAILING TO DOCUMENT I'm DOOLEY'S MISCONDUCT ON A RULE VIOLATION REPORT FOR BATTERY ON AN INMATE. WHEN SUBJECT WAS IN THE HOLDING CELL AT D-7, SUBJECT HEARD SGT. METCALFE TELLING C/O SANDOVAL, C/O SCOTT, AND C/O THANN HOW TO WRITE THEIR REPORTS, INCOURAGING THEM TO FALSIFY THEIR REPORTS. SGT. METCALFE SUBJECTED SUBJECT TO CRUEL AND UNUSUAL PUNISHMENT BY FAILING TO PROTECT SUBJECT FROM ASSAULT AT THE HANDS OF INMATE DOOLEY. SGT. METCALFE FAILED TO ACT TO CORRECT THE PERVASIVE RISK OF ASSAULT UPON SUBJECT BY INMATE DOOLEY.

DATE: 8-16-07

_Thomas Williams_

State of California

# **Memorandum**

Date  :  7/17/07

To  :  Williams, # D77087
D1-117L, SVSP

Subject:  **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-02778**

**APPEAL ISSUE:** The appellant alleges that on May 27, 2007 and May 28, 2007 that he and his cellmate (Dooley H08450) had been involved in physical altercations. During the altercations, the appellant alleges that Dooley attempted to rape him. The appellant informed Correctional Officer Sampaolo (D7 Floor) of the incident and the inmates were separated. The appellant alleges that during Third (3rd) Watch, Correctional Officer Thann and Sandoval attempted to re-house Dooley with the appellant causing a subsequent physical altercation.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on July 13, 2007 by Correctional Captain G. Ponder and stated that he had not been raped but had been involved in physical altercations with his cellmate. He further alleges that Dooley was removed from the building for a medical treatment and upon his return was introduced back into the cell and Dooley struck him in the chin. He attempted to strike Dooley with his cane but was unsuccessful and staff quelled the incident. He further states that Correctional Captain Rankin, Correctional Lieutenant Caplan and Correctional Sergeant Metcalfe were not present during the incident. The following witness(es) was/were questioned: Correctional Sergeant Metcalfe, Correctional Officer Sampaolo, Correctional Officer D. Sandoval, and Correctional Officer Thann. The following information was reviewed as a result of your allegations of staff misconduct: D7 Floor logbook, D7 Control logbook, Facility D Sergeant's logbook, FLSA dated May 27, 2007 for Facility D, 837c dated May 31, 2007 authored by Sergeant R. Metcalfe (SVP-FD7-07-05-0364), 128B dated May 27, 2007 authored by Correctional Sergeant R. Metcalfe, Memo dated May 27, 2007 authored by Correctional Sergeant R. Metcalfe, Two (2) Confidential memos dated May 29, 2007 and May 31, 2007 authored by Correctional Sergeant R. Metcalfe, CDC 7219 dated May 27, 2007, May 29, 2007, and May 30, 2007 for Inmate Williams, CDC 7219 dated May 27, 2007 for Inmate Dooley.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates.

Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____ / _____          7/24/07
M. Moore III - Associate Warden                         Date

State of California

# Memorandum

Date : September 14, 2007

To : Inmate WILLIAMS, CDCR # D77087
Facility-D D1-117L
Salinas Valley State Prison

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-02778**

**APPEAL ISSUE:** Appellant submitted for Second Level of Review and stated Officer Sampaolo knew he had been assaulted by his cell mate Inmate Dooley (H08450) as he said he approached Officer Sampaolo at about 1100 AM to ask the officer to move his cell mate out of the cell due to two prior incidents. Appellant said the officer did not report the incident to his sergeant and to the Third Watch officers. Appellant states Captain Rankin, Lieutenant Caplan and Sergeant Metcalfe failed to train their subordinates to deal with this type of situation. Appellant stated Prison Officials have a duty to protect prisoners from violence from other inmates. Appellant stated when Third Watch Officer Thann came to work; Inmate Dooley was in the shower/holding cell awaiting a cell move. Appellant stated Officer Thann removed Inmate Dooley form the shower and had him sit at a table in the dayroom to wait until the cell move paper work was done. Appellant stated Officer Thann should have been aware of the problem he was having yet Officer Thann attempted to place Inmate Dooley back into the cell with the appellant. The appellant stated Sergeant Metcalfe entered the housing unit at about 1435 hours and appellant said he requested that either Inmate Dooley be moved out of the building or that he be placed on Facility-A Sensitive Needs Yard. Appellant stated he informed the Sergeant that Dooley planned to attack him. Appellant said the Sergeant replied, "I don't care if you guys kill each other, you just better not do it on my watch. Anyway, Dooley is due to parole on 05/31/07, so there is no need to move you to another yard." Appellant states he would not have been assaulted if he had been moved to another yard as he had requested. Appellant stated after the assault, Sergeant Metcalfe tried to "sweep it under the rug" by failing to document Dooley's misconduct on a RVR for battery on an inmate. Appellant stated when he was in the holding cell he heard the Sergeant telling Officer's Sandoval, Scott, and Thann how to write their reports. Appellant stated the sergeant failed to act upon the information received.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on 07/13/07 by G. Ponder, Correctional Captain and stated that he had not been raped but had been involved in physical altercations with his cell mate. Appellant alleges that Inmate Dooley was removed from the building for a medical treatment and upon his return was introduced back into the cell when Dooley struck him on the chin. Appellant stated he attempted to strike Dooley with his cane but was not successful and staff stopped the incident. Appellant stated Correctional Captain Rankin, Correctional Lieutenant Caplan, and

**Inmate WILLIAMS, D77087**
**Case No. SVSP-D-07-02778**
**Page 2**

Correctional Sergeant Metcalfe were not present during the incident. The following witness(es) was/were questioned: Sergeant Metcalfe, Officer Sampaolo, Officer D. Sandoval, Officer Thann.   The following information was reviewed as a result of your allegations of staff misconduct: D7 Floor logbook, D7 Control Booth logbook, FAC-D Sergeant's logbook, FAC-D FLSA dated 05/27/07, CDCR-837C # SVP-FD7-07-05-0364 dated 05/21/07, 128B dated 05/27/07 authored by Sergeant Metcalfe, CDCR 7219's dated 05/27/07 and 05/29/07 and 05/30/07.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been conducted ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE.  As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates.  Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process.   If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Your administrative remedies will be considered exhausted once a decision has been rendered at the Director's Level of Review.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer]  FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS.  YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE.  THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY.  CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

.IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE.  IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.  [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| GERRY WiLLiAMS | Gerry William | 6-17-07 | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| GERRY WiLLiAMS | Gerry Williams | D-77087 | 6-17-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| | | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

EXHibiT "C"

EXHibiT "C"

EXHibiT "C"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:     FEB 2 5 2008

In re:    Gerry Williams, D77087
          Salinas Valley State Prison
          P.O. Box 1020
          Soledad, CA 93960-1020

          IAB Case No.: 0715102          Local Log No.: SVSP-07-02881

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on June 18, 2007, at approximately 1914 hours, Salinas Valley State Prison (SVSP) Correctional Officer (CO) Cermeno and CO Miller came to the appellant's cell door and informed the appellant that CO Cermeno was the appellant's Investigative Employee (IE) on a CDC Form 115, Rules Violation Report for Possession of Controlled Medication. The appellant states that CO Miller informed him that he was teaching CO Cermeno how to be an IE. The appellant contends that he attempted to explain to CO Cermeno that the appellant needed the officer to interview several officers as witnesses but CO Miller refused to allow CO Cermeno to accept the information that the appellant tried to present to the appellant's witnesses. It is contended that the appellant informed CO Cermeno that he did not want him as the appellant's IE and to send someone that has experience as an IE. CO Miller then stated, "You have lost your IE. You don't get one." The appellant claims that CO Miller is retaliating against the appellant because of a previous State Board of Control Claim that the appellant filed against him the last time the appellant was in the Administrative Segregation Unit on or about July of 2006. The appellant contends that CO Miller's actions violates the appellant's due process right to have an IE investigate the appellant's case and infringes upon the appellant's right to adequately present his case before the Senior Hearing Officer. The appellant requests that CO Miller be ordered to refrain from any further retaliatory conduct and that the appellant receive another IE with adequate IE experience.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned SVSP staff. The Second Level of Review (SLR) states that the appellant was interviewed on July 26, 2007, by Correctional Sergeant Valenzuela regarding the appellant's appeal issues. The reviewer states that the appellant's appeal was granted in part at the First Level of Review (FLR), in that a thorough confidential appeal inquiry into the appellant's allegations was conducted by administrative staff. The appellant was advised that the appeal inquiry was completed; however, the appellant was not advised of the specific finding, as all staff complaint findings are confidential and would not be released to the appellant. On September 30, 2007, the appellant requested a SLR and reiterated his position that he is not satisfied with the results of the FLR. The appellant did not provide any additional compelling information or facts to warrant modification of the FLR response. The appellant's appeal is granted in part at the SLR, as an inquiry into his allegations has been conducted. All staff personnel matters are confidential in nature and as such, results of any inquiry will not be shared with staff, members of the public or inmates. Although, the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Based upon the aforementioned information, the SLR granted in part the appeal.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed California Code of Regulations, Title 15, Section (CCR) 3001, Subject to Regulations, CCR 3004, Rights and Respect of Others, CCR 3318, Assistance to Inmates for Serious Rule Violations, CCR 3271, Responsibility of Employees, and CCR 3391, Employee Conduct. Upon

GERRY WILLIAMS, D77087
CASE NO. 0715102
PAGE 2

review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. The examiner contacted Correctional Counselor II T. Variz, Appeals Coordinator, in the SVSP Appeals Office on January 24, 2008, to request and obtain a copy of the finalized inquiry report. On January 31, 2008, the examiner received a faxed copy of the inquiry report containing the institution's decision and/or action taken regarding the appellant's complaint. In the event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of the appellant's complaint. The examiner finds that the appellant has failed to present any new documentation and/or evidence that would substantiate his claim; therefore, justification for intervention at the Director's Level of Review is not warranted.

**B. BASIS FOR THE DECISION:**

California Penal Code Section: 832.5, 832.7, 832.8, 5058
CCR: 3001, 3004, 3084.1, 3270, 3271, 3318, 3391
CDC Operations Manual Section: 13030.10, 31140.14
Administrative Bulletin (AB) 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT
AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

2nd
COW/PAU

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12-87)

Location: Institution/Parole Region    SVSP  C2    Log No. C7-D2E81    Category  7

CII-1

2. _____    3. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classificat committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate st member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the support documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be tak for using the appeals procedure responsibly.

unprof beh    1E/6/18/07

| NAME Williams, G. | NUMBER D-77087 | ASSIGNMENT N/A | UNIT/ROOM NUMBER D1-117-L |
|---|---|---|---|

A. Describe Problem: PLEASE TAKE NOTICE THAT ON JUNE 17, 2007, AT APPROXIMATELY 7:14 P.M. C/o CERMENO AND C/o MILLER CAME TO SUBJECT'S DOOR AND TOLD SUBJECT THAT C/o CERMENO WAS TO BE MY INVESTIGATIVE EMPLOYEE (I.E.) ON A RULE VIOLATION REPORT (RVR) FOR POSSESSION OF CONTROLLED MEDICATION. C/o MILLER ALLEGED THAT HE WAS TEACHING C/o CERMENO HOW TO BE AN I.E. I ATTEMPTED TO EXPLAIN TO C/o CERMENO THAT I NEEDED HIM TO INTERVIEW SEVERAL CORRECTIONAL OFFICERS AS WITNESSES. (SEE ATTACHED)

If you need more space, attach one additional sheet.

B. Action Requested: IT IS THUS REQUESTED THAT C/o MILLER BE ORDERED TO REFRAIN FROM ANY FURTHER RETALIATORY CONDUCT AND THAT SUBJECT RECEIVE ANOTHER I.E. WITH ADEQUATE ADEQUATE I.E. EXPERIENCE.

RECEIVED JUN 27 2007

Inmate/Parolee Signature: _Gerry Williams_    Date Submitted: 6-19-07

C. INFORMAL LEVEL (Date Received: _____

Staff Response: _____

BYPASS

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) an submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

BYPASS

Signature: _____    Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E. Inmate Claim

CDC Appeal Number: _____

BRANCH NOV 26 2007 FILED

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _7-2-07_    Due Date: _8-9-07_

Interviewed by: _Sgt Valenzuela_

SEE ATTACHED

Staff Signature: _____    Title: _Sgt_    Date Completed: _7/26/07_

Division Head Approved:

Signature: _____    Title: _C/O (A)_    Returned Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days receipt of response.

_Dissatisfied: Per CCR § 3318, inmates have a Liberty interest-created by THE_ DELIVERED SEP 28 2007 _STATE AND REGULATIONS, AND PROTECTED UNDER THE 14TH AMENDMENT'S DUE PROCESS CLAUSE TO HAVE AN INVESTIGATIVE EMPLOYEE screen QUESTION ALL STAFF AND I/M, WHO MAY HAVE RELEVANT INFORMATION, TO SCREEN THOSE (SEE NEXT PAGE)_

Signature: _Terry Williams_    Date Submitted: _9-30-07_

Second Level  ☐ Granted  ☒ P. Granted  ☐ Denied  ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _10-2-07_    Due Date _10-30-07_

☒ See Attached Letter

Signature: _____    Date Completed: _10-23-07_

Warden/Superintendent Signature: _____  CDW (A)    RECD OCT 2 9 2008  Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt response.

_Dissatisfied: C/O Miller's Retaliatory conduct violated subject's DUE Process AND STATE LAW LIBERTY INTEREST IN HAVING AN I.E. QUESTION PROSPECTED WITNESSES._

Signature: _Terry Williams_    Date Submitted: _10-30-0_

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted  ☐ P Granted  ☒ Denied  ☐ Other _____

☒ See Attached Letter

Date: _FEB 2 5 2008_

:DC 602 (12/87)

RECD OCT 01 2007

(CONTINUE FROM DESCRIBE PROBLEM)

C/O MILLER REFUSED TO ALLOW C/O CERMENO TO ACCEPT THE
INFORMATION I TRIED TO PRESENT TO MY WITNESSES. SO I TOLD
C/O CERMENO THAT I DID NOT WANT HIM AS MY I. E., TO SEND
SOMEONE THAT HAS EXPERIENCE AS AN I. E.. THEN C/O MILLER
STATED "YOU'VE LOST YOUR I. E. YOU DON'T GET ONE." C/O MILLER
IS RETALIATING AGAINST ME BECAUSE OF A PREVIOUS STATE BOARD OF
CONTROL CLAIM I FILED AGAINST HIM THE LAST TIME I WAS
IN AD-SEG, ON OR ABOUT JULY OF 2006. C/O MILLER'S ACTIONS
ACTION VIOLATES SUBJECT'S DUE PROCESS RIGHT TO HAVE AN
I. E. INVESTIGATE SUBJECT'S CASE. C/O MILLER ACTION
INFRINGES UPON SUBJECT'S RIGHT TO ADEQUATELY PRESENT HIS
CASE BEFORE THE SENIOR HEARING OFFICER. C/O MILLER
C/O MILLER'S DECISION TO DENY SUBJECT AN I. E. IN
RETALIATION DOES NOT ADVANCE ANY ~~LEGITIMATE~~ PENOLOGICAL
INTEREST AND WAS NOT TAILORED NARROWLY ENOUGH TO
ACHIVE ANY ~~LEGI~~ LESITIMATE PENOLOGICAL GOAL.

(CONTINUE FROM SECTION-F)

PROSPECTIVE WITNESSES, AND SUBMIT A WRITTEN REPORT BASED ON THE
INFORMATION OBTAINED, AND PROVIDE TO THE INMATE NO LESS THAN
24 HOURS BEFORE A DISCIPLINARY HEARING IS HELD. C/O MILLER'S
RETALIATORY CONDUCT HAS A CHILLING EFFECT UPON SUBJECT'S LIBERTY
INTEREST IN HAVING A TRAINED INVESTIGATIVE EMPLOYEE QUESTION
AND EXAMINE PROSPECTIVE WITNESSES THAT MAY HAVE RELEVANT
~~INFORM~~ INFORMATION CONCERNING THE INCIDENT INDICATED ON THE
RVR.

State of California

# Memorandum

Date    :    July 26, 2007

To    :    Williams, # D77087
D1 117L
Salinas Valley State Prison

Subject:    **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-02881**

**APPEAL ISSUE:** Appellant states that he was assigned an Investigative Employee (I. E.) for a 115 he received. Appellant states that on the evening of 06-18-07 two custody staff members approached his door, and informed him that they were assigned as the I.E. officers for his 115. Appellant states that one of the officers was teaching the other how to conduct an I.E. . Appellant states that he told the officers that he wanted someone else assigned to the I.E., and the officers denied him that right.

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒    PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐    REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on 07-26-07 by Sergeant Valenzuela and you stated that on 06-18-07, two custody staff members assigned to the housing unit that day approached your cell door and informed you that they will be conducting your Investigative Employee (I.E.) process. You stated that one of the officers was teaching the other on how to conduct an I.E., /and you requested a supporting document and was denied this document. You stated that the officer doing the teaching did not allow the other officer to accept any witnesses. At this time you informed both officers that you wanted someone else assigned to the I.E. and one of the officers informed you that you lost your I.E. for good.

The following witnesses were interviewed: None noted by appellant. The following information was reviewed as a result of your allegations of staff misconduct: 114A Inmate Segregation Review file was reviewed.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☒ First level ☐ Second level, as an inquiry into your allegation has been conducted OR as an investigation is being conducted by the Office of Internal Affairs. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do no limit or restrict the availability of further relief via the inmate Appeals process.  If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review.  Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.


| | | |
|---|---|---|
| M.P. MOORE III | AW Complex II | Date |

State of California

# Memorandum

Date : October 23, 2007

To : Inmate WILLIAMS, CDCR # D77087
Facility-D D1-117
Salinas Valley State Prison

Subject: **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-02881**

**APPEAL ISSUE:** The appellant stated Officer Miller and Officer Cermeno came to his assigned cell to inform him Officer Cermeno was his Investigative Employee (IE) for an RVR. Appellant said Officer Miller told him he was providing IE training to Officer Cermeno. Appellant claims he informed Officer Cermeno of his need to have several staff as witnesses. Appellant stated Officer Miller intervened and refused to allow Officer Cermeno to accept the information provided by appellant. Appellant states he then refused Officer Cermeno as the IE when he claims he was informed by Officer Miller, "You lost your IE. You don't get one." Appellant states Officer Miller retaliated against him because of a previous state board claim he claims to have filed in July 2006.

**DETERMINATION OF ISSUE:** A review of the allegations of staff misconduct presented in the written complaint has been completed. Based upon this review your appeal has been handled as follows:

☒ PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐ REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on 07/26/07 by Sergeant Valenzuela and stated on 06/18/07, two custody staff approached your cell door and informed you they would be performing the IE for your RVR. You said one of the officers was teaching the other officer how to complete the duties of an IE. You said the training officer did not allow the other officer to accept your staff witness request. You said you requested another IE and was told you lost your IE. The following witness(es) was/were questioned: None. The following information was reviewed as a result of your allegations of staff misconduct: 114A.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

G. A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

California Department of Corrections and Rehabilitation                                    Salinas Valley State Prison

# *M E M O R A N D U M*



Date: 6/28/07

To:        Inmate  *Williams, D 77087*
           Salinas Valley State Prison

*6/27/07 Appeal (2nd IE request, Staff complaint)*

Subject:   **INMATE APPEAL REGARDING STAFF COMPLAINT**

           Your CDC 602 Inmate/Parolee Appeal Form regarding a Staff Complaint has
           been received.

           In this appeal, you have alleged staff misconduct, as well as, other peripheral
           issues.  Pursuant to Administrative Bulletin 05/03, you are advised that the staff
           complaint issue is being reviewed by the Hiring Authority for disposition.
           However, you must appeal the other issue(s) separately.

           Eloy Medina, CCII
           Appeals Coordinator

*IE request needs to be addressed separately.*

STATE OF CALIFORNIA                                                DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)


# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*


YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER [this includes a departmental peace officer] FOR ANY IMPROPER POLICE [or peace] OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS' [or inmates'/parolees'] COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN [or inmate/parolee] COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.

.IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE. [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED |
| --- | --- | --- |
| GERRY WILLiAMS | Gerry Williams | 6 - 19 - 07 |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER / DATE SIGNED |
| GERRy WilliAMC | Gerry Williams | D-77087 / 6-19-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED |
| | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant



EXHibiT "D"

EXHibiT "D"

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS AND REHABILITATION
INMATE APPEALS BRANCH
P. O. BOX 942883
SACRAMENTO, CA 94283-0001

## DIRECTOR'S LEVEL APPEAL DECISION

Date:   **JAN 1 4 2008**

In re:   Gerry Williams, D77087
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020

IAB Case No.: 0711825        Local Log No.: SVSP-07-03394

This matter was reviewed on behalf of the Director of the California Department of Corrections and Rehabilitation (CDCR) by Appeals Examiner A. A. Read. All submitted documentation and supporting arguments of the parties have been considered.

**I   APPELLANT'S ARGUMENT:** It is the appellant's position that on or about July 17, 2007, the appellant states that Salinas Valley State Prison (SVSP) Correctional Officer (CO) T. Miller has been harassing the appellant in retaliation for a previous staff complaint that the appellant filed in 2006 against CO Miller and won. The appellant states that he is now in Administrative Segregation Unit and claims that CO Miller is harassing him for filing the staff complaint. It is contended that CO Miller has obstructed the appellant from having access to an Investigative Employee for CDC Form 115, Rules Violation Report #FD-07-05-0054. The appellant also alleges that CO Miller issued dirty clothes that smelled and now the appellant has some kind of rash and bumps from the dirty clothes. The appellant requests a temporary restraining order to prevent CO Miller from any further retaliatory conduct and that the appellant receive $1,000.00 for his mental and emotional distress, as well as deprivation of the appellant's constitutional rights.

**II   SECOND LEVEL'S DECISION:** The reviewer found that the appellant's concerns have been properly addressed by involved and/or assigned SVSP staff. The Second Level of Review (SLR) states that the appellant was interviewed on August 27, 2007, by Correctional Lieutenant J. Stevenson regarding the appellant's appeal issues. The reviewer states that the appellant's appeal was granted in part at the First Level of Review (FLR), in that a thorough confidential appeal inquiry into the appellant's allegations was conducted by administrative staff. The appellant was advised that the appeal inquiry was completed; however, the appellant was not advised of the specific finding, as all staff complaint findings are confidential and would not be released to the appellant. On September 27, 2007, the appellant requested a SLR and reiterated his position that he was not satisfied with the FLR response and that CO Miller still continues his retaliatory conduct. The appellant did not provide any additional compelling information or facts to warrant modification of the FLR response. The appellant's appeal is granted in part at the SLR, as an inquiry into his allegations has been conducted. All staff personnel matters are confidential in nature and as such, results of any inquiry will not be shared with staff, members of the public or inmates. Although, the appellant has the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process. Based upon the aforementioned information, the SLR granted in part the appeal.

**III   DIRECTOR'S LEVEL DECISION:** Appeal is denied.

   **A.   FINDINGS:** The documentation and presented arguments are persuasive that the appellant has failed to support his appeal issue with sufficient evidence or facts to warrant a modification of the SLR. The examiner reviewed California Code of Regulations, Title 15, Section (CCR) 3004, Rights and Respect of Others, CCR 3271, Responsibility of Employees, CCR 3031, Neatness and Laundry Exchange, and CCR 3391, Employee Conduct. Upon review of the documentation submitted, it is determined that the appellant's allegations have been reviewed and evaluated by administrative staff and an inquiry has been completed at the SLR. The examiner contacted Correctional Counselor II T. Variz, Appeals Coordinator, in the SVSP Appeals Office on December 10, 2007, to request and obtain a copy of the finalized inquiry report. On December 10, 2007, the examiner received a faxed copy of the inquiry report containing the institution's decision and/or action taken regarding the appellant's complaint. In the

GERRY WILLIAMS, D77087
CASE NO. 0711825
PAGE 2

event that staff misconduct was substantiated, the institution would take the appropriate course of action. All staff personnel matters are confidential in nature and not privy to the inquiries of other staff, the general public or the inmate population, and would not be released to the appellant. Although the appellant has the right to submit an appeal as a staff complaint, the request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the appeals process. The appellant has not shown any documentation or other verified evidence that would lend credence to his appeal issues and requests. The appellant has been duly informed regarding his appeal issues and responding institutional staff has addressed all pertinent areas of the appellant's complaint. The examiner finds that the appellant has failed to present any new documentation and/or evidence that would substantiate his claim; therefore, justification for intervention at the Director's Level of Review is not warranted.

**B. BASIS FOR THE DECISION:**
California Penal Code Section: 832.5, 832.7, 832.8, 5058
CCR: 3001, 3004, 3030, 3031, 3084.1, 3270, 3271, 3278, 3391
CDC Operations Manual Section: 13030.10, 31140.14
Administrative Bulletin (AB) 98/10: PROCESSING OF INMATE/PAROLEE APPEALS, CDC FORMS 602, WHICH ALLEGE STAFF MISCONDUCT
AB 05/03: PROCESSING OF ADULT INMATE/PAROLEE APPEALS, CDC FORM 602, WHICH ALLEGE STAFF MISCONDUCT

**C. ORDER:** No changes or modifications are required by the Institution.

This decision exhausts the administrative remedy available to the appellant within CDCR.

N. GRANNIS, Chief
Inmate Appeals Branch

cc:    Warden, SVSP
       Appeals Coordinator, SVSP

STATE OF CALIFORNIA                                                                          DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**      Location:   Institution/Parole Region     Log No.         Category
**APPEAL FORM**           1. SVSP D-07- 03394      1.            (7)
CDC 602 (12/87)              2. _____      2. _____   COW/TRB

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.   C/O Miller     C/O Muchaca

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Williams, G. | D-77087 | N/A | D1-117L |

A. Describe Problem: PLEASE TAKE NOTICE THAT C/O MILLER'S RETALIATORY
CONDUCT CONTINUES AND NOTHING HAS BEEN DONE ABOUT IT. C/O
MILLER PURPOSEFULY ISSUED SUBJECT DIRTY CLOTHING THAT HE GOT
FROM ANOTHER INMATE DURING CLOTHING EXCHANGE AT AD-SEG
C/O MILLER ISSUED SUBJECT DIRTY CLOTHING IN RETALIATION
bECAUSE SUBJECT FILED A GOVERNMENT CLAIM AGAINST HIM.
TO DATE, C/O MILLER HAS OBSTRUCTED SUBJECT'S ACCESS TO AN
INVESTIGATIVE EMPLOYEE FOR RVR LOG # FD-07-05-0054.

if you need more space, attach one additional sheet.   (SEE ATTACHED SHEET)

B. Action Requested: I AM REQUESTING A ~~TEMPRARY~~ TEMPORARY RESTRAINING ORDER
TO PREVENT C/O MILLER FROM ANY FURTHER RETALIATORY CONDUCT,
AND $1,000 FOR MY MENTAL AND EMOTIONAL DISTRESS, AND DEPRIVATION
OF MY CONSTITUTIONAL RIGHTS.      REC'D AUG 01 2007

Inmate/Parolee Signature: _Gerry Williams_      Date Submitted: 7-17-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

INMATE APPEALS BRANCH    OCT 22 2007    RECEIVED

Staff Signature: _____      Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____      Date Submitted: _____
Note: Property/Funds appeals must be accompanied by a completed      CDC Appeal Number:
Board of Control form BC-1E, Inmate Claim

First Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_SEE ATTACHED RESPONCE_

_____

_____

_____

_____

Staff Signature: _LT_ _____    Title: _LT_    Date Completed: **9-13-0**

Division Head Approved: _____

Signature: _RANKIL_    Title: _Capt_    Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

DISSATISFIED: FIRST, C/O MILLER RETALIATORY CONDUCT DOES NOT ADVANCE ANY LEGITIMATE PENOLOGICAL GOAL OF THE INSTITUTION. THE CONSTITUTION PROVIDES PROTECTIONS AGAINST "DELIBERATE RETALIATION" BY PRISON OFFICIALS AGAINST AN INMATE'S EXERCISE (SEE NEXT PAGE)

Signature: _Gerry Williams_    REC'D OCT 0 1 2007    Date Submitted: _9-27-07_

Second Level    ☐ Granted    ☒ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: **10-1-07**    Due Date: **10-30-07**

☒ See Attached Letter

Signature: _____    Date Completed: **10-10-07**

Warden/Superintendent Signature: _____    Date Returned to Inmate: **10-15-07**

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

DISSATISFIED: THE FIRST AMENDMENT PROTECTS THE RIGHT OF THE PEOPLE PEACEABLY TO ASSEMBLE, AND TO PETITION THE GOVERNMENT FOR A REDRESS OF GRIEVANCE. IT ALSO PROTECTS COMMUNICATION WITH OFFICIAL AGENCIES, ORDERLY PARTICIPATE IN FORUMS DESIGNED FOR PRISONERS TO EXPRESS THEIR VIEWS IN COMPLAINTS ADDRESSED DIRECTLY TO PRISON OFFICIALS. C/O MILLER SUBJECT'S RIGHT TO REDRESS.

Signature: _Gerry Williams_    Date Submitted: _10-17-07_

or the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

RECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☒ Denied    ☐ Other _____

☐ See Attached Letter    **JAN 1 4 2008**

Date: _____

CDC 602 (12/87)

( CONTINUE FROM SECTION "A" )

OBSTRUCTED SUBJECT'S ACCESS TO THE EXERCISE YARD, AND ISSUED
SUBJECT DIRTY CLOTHING ALL IN RETALIATION AGAINST SUBJECT FOR
FILING A GOVERNMENT CLAIM AGAINST HIM.  C/O MILLER'S
RETALIATORY CONDUCT VIOLATES SUBJECT'S FIRST AND EIGHTH
AMENDMENT RIGHT UNDER THE UNITED STATES CONSTITUTIONS.

     ON MONDAY MORNING, JULY 23, 2007, SUBJECT CAME
OUT OF HIS CELL FOR A SHOWER. SUBJECT PUSHED
THE DIRTY CLOTHING OUT OF HIS CELL BECAUSE THEY
WERE STINKING THE CELL UP. C/O MACHUCA PUSHED
THEM BACK INTO SUBJECT'S CELL. PRIOR TO THIS
EVENT, SUBJECT HAD TOLD C/O MACHUCA THAT
C/O MILLER PURPOSEFULY GAVE HIM DIRTY STINKY
CLOTHING.  NOW SUBJECT IS SUFFERING FROM SOME
KIND OF RASH AND BUMPS.

( CONTINUE FROM SECTION "F" )

OF HIS RIGHT TO PETITION FOR REDRESS OF HIS GRIEVANCE.
C/O MILLER MADE SOME COMMENTS TO ME ABOUT SOMETHING HIS
LAWYER SAID ABOUT THE GOVERNMENT CLAIM I FILED AGAINST
C/O MILLER BACK IN JUNE OF 2006. ( SEE EX. "A" )  I TOLD
C/O MILLER I DON'T CARE WHAT HIS LAWYER SAID.
SOON AFTER THAT, C/O MILLER STARTED RETALIATING AGAINST
ME IN THE FORM OF THE CONDUCT MENTIONED ABOVE, IN
"SECTION-A."

Attachment E    2/21/06

State of Calif rnia

# Memorandum

Date  :   September 10, 2007

To    :   Williams # D-77087
          (D1-117L)

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-03394**

**APPEAL ISSUE:** Inmate Williams stated that Correctional Officer Miller has been harassing him in retaliation for a previous Staff Complaint that he filed in 2006 against Officer Miller and claims he won. Now that Inmate Williams is in AD/SEG, he claims that Officer Miller is harassing him in retaliation for filing the staff complaint against him (Officer Miller). Inmate Williams stated that Officer Miller has obstructed his (inmate Williams) access to an Investigative Employee (IE) for RVR # FD-07-05-0054. Inmate Williams also stated that Officer Miller issued in him (Inmate Williams) dirty cloths that smelled and now he (inmate Williams) has some kind of a rash and bumps from the dirty cloths. Inmate Williams is requesting for a Restraining Order against Officer Miller and to be monetarily compensated, One thousand Dollars ($1,000.00) for "Mental and Emotional Distress, and deprivation of his Constitutional Rights".

**DETERMINATION OF ISSUE**: A review of the allegations of staff misconduct presented in the written complaint has been completed.  Based upon this review your appeal has been handled as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on August 27, 2007, by Correctional Lieutenant J. Stevenson and stated that Correctional Officer Miller has been harassing you in retaliation for a previous Staff Complaint that you filed in 2006 against Officer Miller and won. You stated now that you are in Administrative Segregation (AD/SEG); Officer Miller is harassing you in retaliation for filing the staff complaint you filed against him (Officer Miller). You also stated that Officer Miller obstructed your access to an Investigative Employee (IE) for RVR # FD-07-05-0054 by telling the IE not to interview any witnesses that you requested to be interviewed. You stated that Officer Miller issued in you dirty cloths on Sunday, July 15, 2007, that smelled and now you have some kind of a rash and/or bumps from the dirty cloths.

When ask by Lieutenant Stevenson if you had any staff and/or inmate witnesses that could substantiate your claim you stated; NO.

On August 27, 2007 Correctional Officer T. Miller was interviewed in regards to this Staff Complaint.

Inmate Williams, D-77087, (D1-117L)
Staff Complaint # SVSP-D-07-03394
Page 2

Inmate Williams, your 114-A was reviewed for any documented information in regards to this Staff Complaint.

## FINDINGS FOR AN APPEAL INQUIRY:
Your appeal is PARTIALLY GRANTED at the ☒ First level, as an inquiry into your allegation has been conducted. ALL STAFF PERSONNEL MATTERS ARE CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared with staff, members of the public, or inmates. Although you have the right to submit a staff complaint, a request for administrative action regarding staff or the placement of documentation in a staff member's personnel file is beyond the scope of the staff complaint process.

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

Please print and sign below:

_____ / AW      9/12/07
G. Lewis                                   Date
Correctional Administrator
Complex II
Salinas Valley State Prison

State of California

# Memorandum

Date   :   October 10, 2007

To     :   Inmate WILLIAMS, CDCR # D77087
           Facility-D D1-117
           Salinas Valley State Prison

Subject:   **STAFF COMPLAINT RESPONSE - APPEAL # SVSP-D-07-03394**

**APPEAL ISSUE:**  The appellant asserts Correctional Officer Miller purposely issued him dirty
state issued clothing received from another inmate during laundry exchange.  Appellant
believes the officer did this in retaliation for a government claim appellant claims he filed
against the officer. Appellant states the officer has obstructed his access for the assignment of
an Investigative Employee (IE) for RVR D-07-05-0054 and obstructed appellant's access to the
exercise yard. At the Second Level of review the appellant discusses his belief that the alleged
action of the officer does not "advance the penological goal of the institution."  Appellant states
the US Constitution affords protections against retaliatory conduct by prison officials when an
inmate exercises his right to petition for redress of grievances.

**DETERMINATION OF ISSUE**:  A review of the allegations of staff misconduct presented in the
written complaint has been completed.  Based upon this review your appeal has been handled
as follows:

☒  PROCESSED AS A STAFF COMPLAINT APPEAL INQUIRY
☐  REFERRED TO THE OFFICE OF INTERNAL AFFAIRS (Note: You will be notified of the
   conclusion of any internal affairs investigation)

**SUMMARY FOR APPEAL INQUIRY:**
You were interviewed on 08/27/07 by Correctional Lieutenant Stevenson and stated Officer
Miller ahs been harassing you in retaliation for a previous staff complaint you filed in 2006
against the officer.  You stated now that you are in the AD-SEG, the officer is harassing you in
retaliation for filing a staff complaint against him. You also said the officer has obstructed your
access to an IE for RVR D-07-05-0054 by informing the assigned IE not to interview your
requested witnesses.  You said the officer issued you dirty, smelly clothes on Sunday,
07/15/07; and you claim you have a rash and/or bumps from the dirty clothes. The following
witness(es) was/were questioned: Correctional Officer T. Miller.  The following information was
reviewed as a result of your allegations of staff misconduct: Instant Appeal, 114-A.

**FINDINGS FOR AN APPEAL INQUIRY:**
Your appeal is PARTIALLY GRANTED at the ☐ First level ☒ Second level, as an inquiry into
your allegation has been conducted.  ALL STAFF PERSONNEL MATTERS ARE
CONFIDENTIAL IN NATURE. As such, results of any inquiry/investigation will not be shared
with staff, members of the public, or inmates.  Although you have the right to submit a staff
complaint, a request for administrative action regarding staff or the placement of
documentation in a staff member's personnel file is beyond the scope of the staff complaint
process.

**Inmate WiLLIAMS, D77087**
**Case No. SVSP-D-07-03394**
**Page 2**

Allegations of staff misconduct do not limit or restrict the availability of further relief via the inmate appeals process. If you wish to appeal the decision, you must submit your staff complaint appeal through all levels of appeal review up to, and including, the Director's Level of Review. Once a decision has been rendered at the Director's Level of Review, your administrative remedies will be considered exhausted.

G.A. NEOTTI
Chief Deputy Warden
Salinas Valley State Prison

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

**Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:**

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disiplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| C/O Miller | | | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| GERRY WiLLiAMS | Gerry Williams | J-77087 | 7-17-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| Lt. STevenson | | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

STATE OF CALIFORNIA                                                    DEPARTMENT OF CORRECTIONS
CDC 1858 (2/97)

# RIGHTS AND RESPONSIBILITY STATEMENT

*The California Department of Corrections has added departmental language (shown inside brackets, in non-boldface type) for clarification purposes.*

*Pursuant to Penal Code 148.6, anyone wishing to file an allegation of misconduct by a departmental peace officer must read, sign and submit the following statement:*

**YOU HAVE THE RIGHT TO MAKE A COMPLAINT AGAINST A POLICE OFFICER** [this includes a departmental peace officer] **FOR ANY IMPROPER POLICE** [or peace] **OFFICER CONDUCT. CALIFORNIA LAW REQUIRES THIS AGENCY TO HAVE A PROCEDURE TO INVESTIGATE CITIZENS'** [or inmates'/parolees'] **COMPLAINTS. YOU HAVE A RIGHT TO A WRITTEN DESCRIPTION OF THIS PROCEDURE. THIS AGENCY MAY FIND AFTER INVESTIGATION THAT THERE IS NOT ENOUGH EVIDENCE TO WARRANT ACTION ON YOUR COMPLAINT; EVEN IF THAT IS THE CASE, YOU HAVE THE RIGHT TO MAKE THE COMPLAINT AND HAVE IT INVESTIGATED IF YOU BELIEVE AN OFFICER BEHAVED IMPROPERLY. CITIZEN** [or inmate/parolee] **COMPLAINTS AND ANY REPORTS OR FINDINGS RELATING TO COMPLAINTS MUST BE RETAINED BY THIS AGENCY FOR AT LEAST FIVE YEARS.**

**IT IS AGAINST THE LAW TO MAKE A COMPLAINT THAT YOU KNOW TO BE FALSE. IF YOU MAKE A COMPLAINT AGAINST AN OFFICER KNOWING IT IS FALSE, YOU CAN BE PROSECUTED ON A MISDEMEANOR CHARGE.** [An inmate/parolee who makes a complaint against a departmental peace officer, knowing it is false, may be issued a serious disciplinary rule violation, in addition to being prosecuted on a misdemeanor charge.]

| COMPLAINANT'S PRINTED NAME | COMPLAINANT'S SIGNATURE | DATE SIGNED | |
|---|---|---|---|
| C/O MiLLER | | | |
| INMATE/PAROLEE PRINTED NAME | INMATE/PAROLEE'S SIGNATURE | CDC NUMBER | DATE SIGNED |
| GERRY WiLLIAMS | Gerry Williams | D-77087 | 7-17-07 |
| RECEIVING STAFF'S PRINTED NAME | RECEIVING STAFF'S SIGNATURE | DATE SIGNED | |
| Lt. Tennier | | | |

DISTRIBUTION:
ORIGINAL -
Public - Institution Head/Parole Administrator
Inmate/Parolee - Attach to CDC form 602
Employee - Institution Head/Parole Administrator
COPY - Complainant

| INMATE/PAROLEE | Location: Institution/Parole Region | Log No. | Category |
|---|---|---|---|
| APPEAL FORM | 1. _____ | 1. _____ | _____ |
| CDC 602 (12/87) | 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has significant adverse affect upon you. With the exception of Serious 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeal Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|---|---|---|---|
| _Williams, G._ | _D-77087_ | _N/A_ | _D1-117-C_ |

A. Discuss Problem: _PLEASE TAKE NOTICE THAT ON JULY 9, 2007, C/O MILLER, T. G. REFUSED TO ALLOW SUBJECT ACCESS TO THE AD-SEG WALK-A-LONG EXERCISE YARD BECAUSE SUBJECT REFUSED TO LEAVE HIS HEART MEDICATION (NITRO GLYCERIN PILLS) BEHIND AND REQUESTED TO TAKE IT WITH HIM TO THE YARD. C/O MILLER IS CONTINUING TO RETALIATE AGAINST APPELLANT BECAUSE OF A PRIOR GOVERNMENT BOARD CLAIM SUBJECT FILED AGAINST HIM. C/O MILLER'S CONDUCT VIOLATES CCR §3160 (a)." STAFF SHOULD NOT IN ANY WAY RETALIATE AGAINST OR DISCIPLINARY AN INMATE FOR INITIATING OR MAINTAINING A LAWSUIT." C/O MILLER'S CONDUCT ALSO VIOLATES CCR §3220 (a) AND CCR §3343 (h). (SEE NEXT PAGE)_

If you need more space, attach on additional sheet.

A. Action requested: _IT IS THUS REQUESTED THAT C/O MILLER AND SGT. LOCKIE REFRAIN FROM THERE RETALIATORY CONDUCT, AND REFRAIN FROM DENYING SUBJECT ACCESS TO THE EXERCISE YARD WITH HIS MEDICATION, AND THAT THEY BE REPRIMANDED)._

Inmate/Parolee Signature: _George Williams_     Date Submitted: _7-11-07_

B. INFORMAL LEVEL (Date Received _____ )
Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

C. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigators Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for procession within 15 days of receipt of response.

_____

_____

_____

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed Board of Control Form BC-1E, Inmate Claim

CDC Appeal Number:

(CONTINUE FROM SECTION "A")

SERGEANT LOCKIE ALSO ACQUIESCED IN C/O MILLER'S RETALIATORY CONDUCT AND ALSO VIOLATED SUBJECT'S RIGHT TO THE EXERCISE YARD.

ON OR ABOUT JULY 2, 2007, SUBJECT WAS EXPERIENCING SEVERE CHEST PAIN AND PALPITATIONS WHERE HE REQUESTED MEDICAL ASSISTANCE. L V N WILKE INSTRUCTED APPELLANT TO KEEP HIS NITROGLYCERIN PILLS WITH HIM AT ALL TIMES. APPELLANT SUFFERS FROM ATHEROSCLEROTIC CORONARY ARTERY OCCLUSIVE DISEASE ("ACAOD"), A CONDITION CAUSING BLOCKAGE OF THE CORONARY ARTERIES BY EITHER 70 PERCENT OR GREATER. SUBJECT SUFFERS FROM ANGINA AND THAT ANGINA IS A MANIFESTATION OF ISCHEMIA REQUIRING SUBJECT TO TAKE 81 mg. ASPIRIN AND 20 mg NITROGLYCERIN REGULARLY.

C/O MILLER AND SGT. LOCKIE'S CONDUCT INFRINGES UPON SUBJECT'S FIRST AMENDMENT RIGHT TO FILE REDRESS OF PRISON CONDITIONS AND VIOLATES SUBJECT'S RIGHT TO ADEQUATE MEDICAL CARE UNDER THE EIGHTH AMENDMENT TO THE U.S. CONSTITUTION, THERE WAS NO LEGITIMATE PENOLOGICAL GOAL.

DATE: JULY 11, 2007                    Sherry Williams

STATE OF CALIFORNIA
COUNTY OF MONTEREY

(C.C.P. SEC. 466 & 2015.5; 28 U.S.C. SEC. 1746)

I, **GERRY WILLIAMS**                      declare under penalty of perjury that: I am
the **PLAINTIFF**          in the above entitled action; I have read the foregoing documents
and know the contents thereof and the same is true of my own knowledge, except as to matters
stated therein upon information, and belief, and as to those matters, I believe they are true.

Executed this **20TH** day of **JULY**          , 20 **08**     , at Salinas Valley State
Prison, Soledad, California 93960-1050.

(Signature) _Gerry Williams_
DECLARANT/PRISONER

-----------------------------------------------------------------------------------------------------

PROOF OF SERVICE BY MAIL
(C.C.P. SEC 1013(a) & 2015.5; 28 U.S.C. SEC. 1746)

I, **GERRY WILLIAMS**          , am a resident of California State Prison, in the County of
Monterey, State of California; I am over the age of eighteen (18) years and am/am not a party of
the above entitled action. My state prison address is: P.O. Box 1050, Soledad, California 93960-
1050.

On **JULY 20,**      , 20 **08**      , I served the foregoing: **42 U.S.C.§1983 CIVIL**
**RIGHTS COMPLAINT**

(Set forth exact title of document(s) served)

On the party(s) herein by placing a true copy(s) thereof, enclosed in sealed envelope(s), with
postage thereof fully paid, in the United States Mail, in a deposit box so provided at Salinas
Valley State Prison, Soledad, California 93960-1050.

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICTR OF CALIFORNIA**
**450 GOLDEN GATE AVE.**
**SAN FRANCISCO, CALIFORNIA 94102**

(List parties served)

There is delivery service by United States Mail at the place so addressed, and/or there is regular
communication by mail between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

DATED: **JULY 20,**     20 **08**

_Gerry Williams_
DECLARANT/PRISONER