1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERRY WILLIAMS,

         Plaintiff,

    v.

Sergeant R. METCALFE; et al.,

         Defendants.
_____/

No. C 08-3907 SI (pr)

**ORDER OF SERVICE**

## INTRODUCTION

      Gerry Williams, an inmate at the Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983.  His complaint is now before the court for review under 28 U.S.C. § 1915A.

## BACKGROUND

      In his complaint, Williams alleges the following:

      On June 27 and 28, 2007, Williams and his cellmate, inmate Dooley, had fights in which Dooley attempted to rape Williams.  Williams complained to defendant Sampaolo on June 28, 2007, and Sampaolo moved Dooley out of the cell.  Later, defendant Thann and correctional officer Sandoval attempted to return Dooley to the cell.  As soon as Thann opened the cell door, Dooley entered and punched Williams in the chin.  At some point before one of these events, Williams asked defendant Metcalfe to move Dooley out of the building or to place Williams on the sensitive needs yard because Dooley was planning to attack him.  Metcalfe declined to act.

1  Williams also alleges that defendant Sampaolo failed to report the incident, that defendant Thann

2  knew or should have known that there was a problem between the inmates based on Dooley's

3  removal from the cell, and that defendant Metcalfe encouraged correctional officers to falsify

4  their incident reports.

5       Later, inmate Dooley falsely stated that Williams was selling his controlled medication

6  and that led to Williams' placement in administrative segregation on June 29, 2007.  Once

7  Williams arrived in ad-seg, defendant T. Miller retaliated against him because Williams had filed

8  a State Board of Control claim in June 2006.  Miller told the correctional officer appointed as

9  an investigative employee for the disciplinary charge against Williams not to be helpful,

10  interfered with the investigative employee, gave Williams "dirty stinky clothing" during one

11  laundry exchange, Complaint, p. 9, and denied him exercise for five days.

13                             **DISCUSSION**

14       A federal court must engage in a preliminary screening of any case in which a prisoner

15  seeks redress from a governmental entity or officer or employee of a governmental entity.  See

16  28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable claims, and dismiss

17  any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted,

18  or seek monetary relief from a defendant who is immune from such relief.  See id. at

19  1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See Balistreri v. Pacifica Police

20  Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

21       To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

22  a right secured by the Constitution or laws of the United States was violated and (2) that the

23  violation was committed by a person acting under the color of state law.  See West v. Atkins,

24  487 U.S. 42, 48 (1988).

25       The Eighth Amendment's proscription of cruel and unusual punishment requires that

26  prison officials not be deliberately indifferent to serious risks to inmate safety.  To state a claim

27  for deliberate indifference to a prisoner's safety in such a context, the prisoner needs to allege

28  that prison officials knew he had enemies on a yard and put him there with deliberate

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1  indifference to a risk of harm to him from other prisoners.  See Farmer v. Brennan, 511 U.S. 825,

2  833 (1994); Berg v. Kincheloe, 794 F.2d 457, 459 (9th Cir. 1986).  Liberally construed, the

3  allegations of the complaint state a cognizable claim against defendants Metcalfe, Thann, and

4  Sampaolo for deliberate indifference to a risk to Williams' safety based on their actions in failing

5  to prevent inmate Dooley from harming Williams.

6       "Within the prison context, a viable claim of First Amendment retaliation entails five

7  basic elements:  (1) An assertion that a state actor took some adverse action against an inmate

8  (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

9  exercise of his First Amendment rights, and (5) the action did not reasonably advance a

10 legitimate correctional goal."  Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005)

11 (footnote omitted).  Liberally construed, the allegations of the complaint state a cognizable claim

12 against defendant Miller for retaliation based on the adverse actions he allegedly took as

13 payback for Williams filing a State Board of Control claim.

## CONCLUSION

16      For the foregoing reasons,

17      1.      The complaint states a claim for relief under 42 U.S.C. § 1983 against defendants

18 Metcalfe, Thann, and Sampaolo for an Eighth Amendment violation, and against defendant

19 Miller for retaliation.

20      2.      The clerk shall issue a summons and the United States Marshal shall serve, without

21 prepayment of fees, the summons, a copy of the complaint and a copy of all the documents in

22 the case file upon the following individuals, all of whom apparently work at Salinas Valley State

23 Prison:

24      - Sergeant R. Metcalfe
        - Correctional officer Thann
25      - Correctional officer S. Sampaolo
        - Correctional officer T. Miller.

26

/  /  /

27

/  /  /

28

3

1    3.    In order to expedite the resolution of this case, the following briefing schedule for

2    dispositive motions is set:

3         a.    No later than **June 19, 2009**, defendants must file and serve a motion for

4    summary judgment or other dispositive motion.  If defendants are of the opinion that this case

5    cannot be resolved by summary judgment, they must so inform the court prior to the date the

6    motion is due.

7         b.    Plaintiff's opposition to the summary judgment or other dispositive motion

8    must be filed with the court and served upon defendants no later than **July 24, 2009**.  Plaintiff

9    must bear in mind the following notice and warning regarding summary judgment as he prepares

10   his opposition to any summary judgment motion:

11   The defendants may make a motion for summary judgment by which they
     seek to have your case dismissed.  A motion for summary judgment under Rule
12   56 of the Federal Rules of Civil Procedure will, if granted, end your case.  [¶]
     Rule 56 tells you what you must do in order to oppose a motion for summary
13   judgment.  Generally, summary judgment must be granted when there is no
     genuine issue of material fact -- that is, if there is no real dispute about any fact
14   that would affect the result of your case, the party who asked for summary
     judgment is entitled to judgment as a matter of law, which will end your case.
15   When a party you are suing makes a motion for summary judgment that is
     properly supported by declarations (or other sworn testimony), you cannot simply
16   rely on what your complaint says.  Instead, you must set out specific facts in
     declarations, depositions, answers to interrogatories, or authenticated documents,
17   as provided in Rule 56(e), that contradict the facts shown in the defendants'
     declarations and documents and show that there is a genuine issue of material fact
18   for trial.  If you do not submit your own evidence in opposition, summary
     judgment, if appropriate, may be entered against you.  If summary judgment is
19   granted, your case will be dismissed and there will be no trial.  (See Rand v.
     Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).
20

21        c.    If defendants wish to file a reply brief, the reply brief must be filed and

22   served no later than **August 7, 2009**.

23   4.    All communications by plaintiff with the court must be served on a defendant's

24   counsel by mailing a true copy of the document to defendant's counsel.  The court may disregard

25   any document which a party files but fails to send a copy of to his opponent.  Until a defendant's

26   counsel has been designated, plaintiff may mail a true copy of the document directly to

27   defendant, but once a defendant is represented by counsel, all documents must be mailed to

28   counsel rather than directly to that defendant.

United States District Court
For the Northern District of California

5.      Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.      Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.      Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

IT IS SO ORDERED.

Dated: March 3, 2009

SUSAN ILLSTON
United States District Judge

United States District Court
For the Northern District of California

5