UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERRY WILLIAMS,

    Plaintiff,

v.

Sergeant R. METCALFE; et al.,

    Defendants.
                                /

No. C 08-3907 SI (pr)

**ORDER STAYING DISCOVERY AND EXTENDING DEADLINES**

    Defendants have moved to stay discovery pending a ruling on their motion to dismiss that raises the qualified immunity defense. The U.S. Supreme Court has made it abundantly clear that a district court should stay discovery until the threshold question of qualified immunity is settled. See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S. 635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). The motion to stay discovery is GRANTED. (Docket # 18.) All discovery is stayed until the court rules on the motion to dismiss.

    In light of the stay of discovery, plaintiff's motion for production of documents and motion for stay of summary judgment are DENIED. (Docket # 12 and # 14.) Plaintiff is instructed that discovery requests (such as his motion for production of documents are not supposed to be filed. The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses that they are unable to resolve among themselves. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise).

Plaintiff filed a motion for the Attorney General's office to accept service of process on behalf of unserved defendant Thann. The motion is DENIED because plaintiff has presented no authority that provides for compelling an attorney to accept service of process on someone who may or may not be his client in the future. (Docket # 15.) The court will order the Marshal to once again mail the service of process package to defendant correctional officer Thann at Deuel Vocational Institute in Tracy, where he may currently work. The clerk shall prepare a new summons and service of process package for this defendant, listing his name as "correctional officer Thann a/k/a correctional officer Thanh," because plaintiff may have provided the incorrect spelling for the defendant's name.

Plaintiff may have been waiting for a ruling on his discovery-related motions before preparing his opposition to defendants' motion to dismiss. As the court has now ruled on the discovery requests, and stayed all discovery, plaintiff now should understand that he will not receive any discovery before he must file his opposition. There also is no need to wait for service of process on defendant Thann before resolving the motion to dismiss. The court sets the following new deadlines for briefing on defendants' motion to dismiss. Plaintiff must file and serve on defense counsel his opposition to the motion to dismiss no later than **August 14, 2009**. Defendants must file and serve their reply brief (if any) no later than **September 4, 2009**.

IT IS SO ORDERED.

Dated: July 13, 2009

_____
SUSAN ILLSTON
United States District Judge

2