UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS, | No. C 08-3907 SI (pr) |
| Plaintiff, | **ORDER DENYING MOTION TO DISMISS IN PART AND DENYING MOTION TO STAY** |
| v. | |
| Sergeant METCALFE; et al., | |
| Defendants. | |

## INTRODUCTION

Gerry Williams, formerly an inmate at the Salinas Valley State Prison, filed this pro se civil rights action under 42 U.S.C. § 1983. This matter is now before the court for consideration of defendants' motion to dismiss and plaintiff's motion to stay the action. For the reasons discussed below, defendants' motion to dismiss will be denied in part and granted in part. The improperly joined retaliation claim and defendant will be dismissed. The remaining claim, for deliberate indifference to Williams' safety, will not be dismissed because it is adequately pled. Plaintiff's motions to stay the action will be denied.

## BACKGROUND

Williams filed a civil rights complaint in which he alleged claims for deliberate indifference to his safety and for retaliation. The court found that, liberally construed, the allegations of the complaint stated a cognizable claim against defendants Metcalfe, Thann, and Sampaolo for deliberate indifference to a risk to Williams' safety based on their actions in failing to prevent inmate Dooley from harming Williams on or about June 27-28, 2007. The court also

1 found that, liberally construed, the allegations of the complaint stated a cognizable claim against 2 defendant Miller for retaliation based on the adverse actions he allegedly took as payback for 3 Williams filing a State Board of Control claim in June 2006.

4 Defendants have moved to dismiss the complaint. First, they argue that the deliberate 5 indifference and retaliation claims are improperly joined. Second, they argue that the complaint 6 fails to state a claim for deliberate indifference to Williams' safety or for retaliation. Third, they 7 argue that they are entitled to qualified immunity.

8 Plaintiff has moved to stay the proceedings on the ground that he was separated from his 9 legal materials at the prison at which he is currently housed.

**DISCUSSION**

A. Motion To Dismiss

1. Joinder Problem

Federal Rule of Civil Procedure 20(a)(2) provides that all persons may be joined in one action as defendants if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."

Defendants contend that the retaliation claim against defendant Miller is not properly joined with the deliberate indifference claim against defendants Sampaolo, Metcalfe and Thann because the two claims involve different defendants and arise from acts and omissions that happened at two different times. The court agrees. The two claims do not satisfy Rule 20(a)(2). Dismissal of the entire action is not necessary, however, as the improper joinder problem can be solved by merely dismissing the improperly joined party. See Fed. R. Civ. P. 21. Accordingly, the court will dismiss defendant Miller and the retaliation claim, for which he is the only defendant. The dismissal will be without prejudice to plaintiff asserting that claim in a new action for which he pays a separate filing fee.

### 2. Deliberate Indifference Claim

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move to dismiss on the ground that there is a "failure to state a claim upon which relief may be granted." A motion to dismiss should be granted if plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 (1957)). The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001).

The complaint alleged the following: On June 27 and 28, 2007, Williams and his cellmate, inmate Dooley, had fights in which Dooley attempted to rape Williams. Williams complained to defendant Sampaolo on June 28, 2007, and Sampaolo moved Dooley out of the cell. Later, defendant Thann and correctional officer Sandoval attempted to return Dooley to the cell. As soon as Thann opened the cell door, Dooley entered and punched Williams in the chin. At some point before one of these events, Williams asked defendant Metcalfe to move Dooley out of the building or to place Williams on the sensitive needs yard because Dooley was planning to attack him. Metcalfe declined to act. Williams also alleges that defendant Sampaolo failed to report the incident, that defendant Thann knew or should have known that there was a problem between the inmates based on Dooley's removal from the cell, and that defendant Metcalfe encouraged correctional officers to falsify their incident reports.

Defendants contend the complaint does not state a claim against Sampaolo because, when Williams alerted him to Dooley's aggressive behavior, "Sampaolo immediately moved Dooley to a holding cell and requested that he be transferred to a new cell," which defendants contend was a reasonable response. Motion To Dismiss, p. 5. Despite defendants' assertion to the contrary, the complaint does not quite allege that Sampaolo requested a cell transfer for Dooley. See Complaint, ¶ 9 ("Sampaolo moved inmate Dooley out of the cell to cell 207, placing him in the upper-tier shower until the CDC # 154 cell-move was approved"). The complaint is silent

as to who, if anyone, prepared the paperwork for a cell transfer or whether Sampaolo did anything to make that transfer happen. Not only is there an absence of such an allegation, Williams alleges that Sampaolo failed to tell his supervisor or third watch officers of the problem. Complaint, ¶ 16. The complaint does not on its face show that merely moving Dooley to an upstairs cell was sufficient to address the danger he posed to Williams. Liberally construed, the allegations are sufficient to state a claim against Sampaolo.

Defendants argue that the complaint does not state a claim against defendant Metcalfe because, by the time Williams talked to Metcalfe, Dooley had already been moved to the upstairs cell and was awaiting a cell transfer. As mentioned in the preceding paragraph, the complaint does not actually allege that a transfer request had been made. The complaint alleges only that Sampaolo moved Dooley to a shower cell on the upper tier. That alone is not enough to show that Metcalfe did not act with deliberate indifference by not separating Williams and Dooley by a greater distance because the complaint does not allege what prevented Dooley from gaining access to Williams in his cell, in the housing unit, or on the yard if he remained housed on the upper tier. (It may be that inmates on the upper tier have no access to those on the lower tier, so that it was impossible or highly improbable that Dooley could gain access to Williams, but that is a matter on which evidence will have to be submitted.) Williams did not think Dooley was far enough away from him when put in a cell on the upper tier, because he asked Metcalfe to separate them further. Additionally, Williams alleges that he told Metcalfe that Dooley planned to attack him and that Metcalfe verbalized an indifference to whether Dooley hurt Williams, so long as it was not done during his work shift. If Metcalfe had reason to be sure Dooley could not gain access to Williams, his alleged comment may have been merely insensitive, but if he knew Dooley could gain access to Williams, that alleged comment might be very damaging to his defense. Liberally construed, the allegations are sufficient to state a claim against Metcalfe.

For reasons similar to those above, the court rejects the argument that these two defendants are entitled to qualified immunity at the pleading stage. Defendants argue that they are entitled to qualified immunity because Williams failed to state a claim for a constitutional

4

violation. As explained above, however, the court has found that Williams *did* state a claim for deliberate indifference and for retaliation. Defendants also argue that a reasonable officer in Sampaolo's position could have believed that moving Dooley to a holding cell and requesting his transfer was a sufficient response, and that Metcalfe could have believed that his non-response was lawful because Sampaolo had already removed Dooley from the cell and requested his transfer. However, the complaint does not allege that a transfer had been requested. The the removal to another cell of an aggressive inmate (for an unidentified period of time) might be a first step to addressing the problem but there is not enough information to determine that a reasonable officer would believe it was a sufficient step. The argument that reasonable officers in their shoes would have believed that putting Dooley in a holding cell was an adequate response might be more persuasive if Dooley had not gained access to attack Williams within just a few hours of that move.[1]

B.  Motion To Stay

Williams filed two motions to stay this action until his legal materials and property are returned to him. He became separated from the legal materials and property when he was transferred from Salinas Valley to Kern Valley State Prison. The motions for a stay are DENIED. When he sought a stay, the motion to dismiss was fully briefed and there were no outstanding deadlines in this action. Although plaintiff suspected foul play in the separation of him and his legal materials and property, at least temporary separation of this sort upon a n inmate's transfer to a new facility is not uncommon.

This order will set a briefing schedule but plaintiff will not have a deadline for about three months. If, by March 19, 2010, plaintiff has not received his legal materials, he may file a new motion for a stay. However, the court will be unreceptive to such a motion unless Williams provides documentation showing that he has made a good faith effort to obtain those legal

---

[1] Defendants also argued that Williams' complaint failed to state a claim upon which relief could be granted with regard to the retaliation claim. The court need not reach that argument because it has dismissed the claim as improperly joined.

5

materials by, for example, asking his correctional counselor when he will receive them and filing an inmate appeal if necessary.

**CONCLUSION**

1. Defendants' motion to dismiss is DENIED in part and GRANTED in part. (Docket # 16.) The retaliation claim is dismissed without prejudice to plaintiff filing a new action in which he asserts that claim, and correctional officer Miller is dismissed from this action. The motion to dismiss the deliberate indifference claim for failure to state a claim is denied because the complaint adequately pleads the claim. The qualified immunity argument is rejected. The denial of the motion to dismiss the deliberate indifference claim does not preclude defendants from making substantially similar arguments in a motion for summary judgment that is supported by evidence in the proper form (e.g., declarations and properly authenticated documents).

2. Plaintiff's motions to stay the action are DENIED. (Docket # 27 and # 29.)

3. The court now sets the following briefing schedule for dispositive motions.

a. No later than **April 2, 2010**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **May 7, 2010**. Plaintiff must bear in mind the notice and warning regarding summary judgment from the Order Of Service as he prepares his opposition to any summary judgment motion

c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **May 28, 2010**.

4. It appears from the docket that the instructions at page 2:5-10 of the Order Staying Discovery And Extending Deadlines may not have been implemented. Accordingly, the court once again instructs the clerk to prepare a new summons and service of process package for defendant Thann, listing his name as "correctional officer Thann a/k/a correctional officer Thanh," and send it to the Marshal to once again mail a service of process package to defendant correctional officer Thann a/k/a Thanh at Deuel Vocational Institute in Tracy, where he may currently work. If service cannot be accomplished at that location, the defendant will be dismissed without prejudice.

IT IS SO ORDERED.

Dated: February 6, 2010

_____
SUSAN ILLSTON
United States District Judge