United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERRY WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>Sergeant METCALFE; et al.,<br><br>　　　　Defendants.<br>　　　　　　　　　　　　　　　　／ | No. C 08-3907 SI (pr)<br><br>**ORDER SETTING DEADLINES AND DENYING APPOINTMENT OF COUNSEL** |

　　　　This pro se prisoner's civil rights action is now before the court for consideration of plaintiff's motion for appointment of counsel, plaintiff's motion to compel discovery, and defendants' motion for an extension of the deadline to file a dispositive motion.

　　　　Plaintiff's motion for appointment of counsel is DENIED. (Docket # 39.) A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident at this time.

　　　　On May 6, 2010, plaintiff filed a motion to compel inspection of documents. The court earlier had stayed discovery pending a resolution of defendants' motion to dismiss in which they expressed an intent to raise a qualified immunity defense. The motion to dismiss was denied in part in an order filed February 6, 2010, so the stay on discovery expired then. However, it is possible that defendants intend to raise a qualified immunity defense in their motion for

summary judgment; if they do, they need to ask again to have discovery stayed. Accordingly, no later than **May 28, 2010**, defendants must comply with the discovery request or file an opposition to the motion to compel (in which they may request a stay of discovery). No later than **June 18, 2010**, plaintiff must file any reply in support of his motion to compel.

Defendants filed an <u>ex parte</u> request for a sixty-day extension of time to file a dispositive motion. Upon due consideration of the request and the accompanying declaration of attorney Kenneth Roost, the court GRANTS the request. (Docket # 34.) The court now sets the following new briefing schedule for dispositive motions – a schedule with deadlines considerably later than defense counsel proposed, but that will give the court time to resolve the discovery dispute:

1. Defendants must file and serve their dispositive motion no later than **July 16, 2010**.

2. Plaintiff must file and serve on defense counsel his opposition to the dispositive motion no later than **August 20, 2010**.

3. Defendants must file and serve their reply brief (if any) no later than **September 3, 2010.**

IT IS SO ORDERED.

Dated: May 14, 2010

SUSAN ILLSTON
United States District Judge