**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                        NORTHERN DISTRICT OF CALIFORNIA

7

8    GERRY WILLIAMS,                              No. C 08-3907 SI (pr)

9              Plaintiff,                         **ORDER**

10         v.

11   Sergeant METCALFE; et al.,

12             Defendants.
                                              /
13

14         This pro se prisoner's civil rights action is now before the court for consideration of

15   several miscellaneous matters.

16   A.    Motion To Compel

17         Plaintiff filed and served a request for production of documents on or about May 19,

18   2009.  Shortly thereafter, defendants moved for a stay of discovery pending consideration of

19   their motion to dismiss in which they argued that they were entitled to qualified immunity.  The

20   court granted the motion and stayed discovery until the court ruled on the motion to dismiss.

21   (Docket # 22.)  On February 6, 2010, the court denied the motion to dismiss in part and granted

22   it in part.  (Docket # 32.)

23         On February 26, 2010, plaintiff sent to defense counsel several discovery documents.

24   Roost Decl., Ex. A.  First, there was a proof of service for a "motion for production of

25   documents," although no motion was attached.  Second, there was demand # 1 for production

26   of documents with supporting declaration dated May 19, 2009.  Demand # 1for production of

27   documents and accompanying declaration provide a rather difficult to decipher list of documents

28   and information plaintiff wanted from defendants and the prison.  Third, there was demand # 2

     for production of documents with supporting declaration dated February 20, 2010.  Fourth, there

**United States District Court**
For the Northern District of California

1   was a proposed order to non-parties to produce documents and provide information to plaintiff.

2   The two demands for production of documents requested different documents and information,

3   and the order listed different documents and information to be produced.  Fifth, there was a letter

4   from Williams to defense counsel dated February 28, 2010, marked "meet and confer letter."

5   In the letter, plaintiff informed defense counsel that defendants had until March 26, 2010 to

6   respond to his demand # 1 for production of documents.

7       Defense counsel responded to plaintiff in a March 17, 2010 letter that explained how to

8   prepare discovery requests.  Roost Decl., Ex. B.  Defense counsel's letter did not indicate a

9   refusal to respond to the document production request, and instead indicated confusion about

10  what plaintiff was doing.

11      Plaintiff did not send any response to defense counsel and instead filed a motion to

12  compel discovery.  Defendants filed an opposition to the motion to compel in which they argued

13  that (1) there was not a discovery dispute pending at the time of the alleged "meet and confer"

14  letter of February 26, 2010, and that (2) plaintiff did not engage in a good faith attempt to meet

15  and confer to resolve any discovery dispute.

16      Upon due consideration, plaintiff's motion to compel is DENIED.  (Docket # 38.)

17  Plaintiff's February 28, 2010 letter that gave defendants until March 25 to respond to his poorly-

18  drafted demand # 1 for document production was not a good faith effort to meet and confer.

19  When defense counsel indicated confusion – which was an entirely reasonable response to what

20  plaintiff had sent him – plaintiff needed to make a good faith effort to clarify his requests.

21  Rather than chafing at defense counsel's instructions on how to prepare coherent document

22  production requests, plaintiff should have taken heed.   Although, as explained in the next

23  section, discovery will be stayed at this time, plaintiff will need to redraft his document

24  production requests if discovery ever resumes.  He will need to formulate a request for

25  production of documents that has a clear list of documents to be produced that the defendants

26  can understand and to which they can respond.  He doesn't need a declaration to explain what

27  he's thinking; he just needs to make a list of documents to be produced.  If, after serving such

28  a request, there is a discovery dispute, the parties must make a good faith effort to meet and

**United States District Court**
For the Northern District of California

1  confer to resolve the dispute.  Only if the good faith effort to resolve the dispute fails can

2  plaintiff file another motion to compel.  And any motion to compel must be tied specifically to

3  the discovery requests he has propounded and for which he has been unable to receive

4  satisfactory responses.  In other words, he cannot request one document from defendants and

5  then ask the court to order them to produce another document.

6        Plaintiff's motion for an extension of time to file his reply brief in support of his motion

7  to compel is GRANTED.  (Docket # 47.)  The reply brief filed on June 25, 2010 is deemed

8  timely filed and has been considered in connection with the evaluation of the motion to compel.

9

10  B.      Stay Of Discovery

11        Defendants' motion to stay discovery is GRANTED.  (Docket # 42.)  Defense counsel

12  states that defendants intend to file a motion for summary judgment shortly in which they intend

13  to raise the qualified immunity defense.  The U.S. Supreme Court has made it abundantly clear

14  that a district court should stay discovery until the threshold question of qualified immunity is

15  settled.  See Crawford-El v. Britton, 523 U.S. 574, 598 (1998); Anderson v. Creighton, 483 U.S.

16  635, 646 n.6 (1987); Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  All discovery is stayed

17  until the court rules on the motion for summary judgment.

18

19  C.      Miscellany

20        Plaintiff has moved for sanctions against defendants because he thinks they deliberately

21  scrambled his mailing address in their service of papers on him so that he would not receive

22  them.  There being absolutely no evidence that the mailing address mistake was anything other

23  than a clerical mistake, plaintiff's motion for sanctions is DENIED.  (Docket # 46.)  Plaintiff's

24  motion itself borders on the frivolous and sanctionable.

25        Plaintiff's motion for entry of default is DENIED.  (Docket # 41.)  Defendants were not

26  in default at the time plaintiff's motion was filed.

27        The briefing schedule for dispositive motions set in the May 14, 2010 order remains in

28  place.

1    Defense counsel is instructed to use the mailing address for plaintiff that plaintiff has

2  provided.  Defendants' proof of service has an incorrect city and ZIP code for Pleasant Valley

3  State Prison, where Williams is currently housed.

4    IT IS SO ORDERED.

5  Dated: July 1, 2010 _____                    _____

6                                                          SUSAN ILLSTON
                                                           United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

4